BERRY, Plaintiff in error, v. STATE, Defendant in error.†

Court of Appeals

*No. 77–550–CR. Argued October 18, 1978.—
Decided November 22, 1978.*
(Also reported in 273 N.W.2d 376.)

† Petition to review granted.

For the plaintiff in error there was a brief by *Howard B. Eisenberg,* State Public Defender, and *Jack E. Schairer,* Ass't State Public Defender, and oral argument by *Jack E. Schairer,* Ass't State Public Defender.

For the defendant in error there was a brief by *Bronson C. La Follette,* Attorney General, and *Betty R. Brown,* Ass't Attorney General, and oral argument by *Betty R. Brown,* Ass't Attorney General.

Before Gartzke, P.J., Bablitch and Dykman, JJ.

GARTZKE, P.J.   Defendant was convicted of attempted theft, secs. 943.20(1)(a) and (3)(b) and 939.32, Stats.

A Madison clothing store clerk testified that January 31, 1976, he saw defendant trying to force something into his trousers in the store. Defendant was not moving forward or backward but his arms were moving. When defendant turned around to face him, the clerk saw a bulge under defendant's parka which came somewhat below defendant's waist. The clerk asked defendant if he had something concealed under his parka. Defendant denied that such was the case but the clerk forced open

the parka and saw a leather jacket tucked into defendant's over-sized trousers. The clerk grabbed the jacket and regained it after a short tug-of-war. Defendant fled from the store. The jacket was part of the store's merchandise, had a value exceeding $100 and the store owner did not consent to the proposal to deprive him permanently of his jacket.

Theft, so far as material, is defined by sec. 943.20(1) (a), Stats., as an act by which a person,

> Intentionally takes and carries away, uses, transfers, conceals, or retains possession of moveable property of another without his consent and with intent to deprive the owner permanently of possession of such property.

Committing any of the prohibited acts—"takes and carries away" or "uses" or "transfers" or "conceals" or "retains possession"—violates the statute. *State v. Genova*, 77 Wis.2d 141, 147, 252 N.W.2d 380 (1976).

The 1951 and 1953 versions of proposed revisions of the Criminal Code described the first prohibited act only as "takes." The words "and carries away" were added in 1955 on the recommendation of the Criminal Code Advisory Committee of the Wisconsin Legislative Council. *State v. Genova*, 77 Wis.2d at 145–150.

Melli and Remington in their article entitled *Theft—A Comparative Analysis of the Current Law and the Proposed Criminal Code*, 1954 Wis. L. Rev. 253, 256, comment as follows on what is now sec. 943.20(1), Stats.:

> *Asportation.* Common law larceny required both a taking and carrying away. Presumably the requirement applies in Wisconsin today although there is no statement to that effect by the Wisconsin Supreme Court. Asportation is of little importance since the problem seldom arises; and when it has arisen in other jurisdictions any movement however slight has been held to be sufficient. (Footnotes omitted.)

Professor Remington was a member of the Criminal Code Advisory Committee. The written view of a member of the Criminal Code Advisory Committee may properly be considered as an authoritative statement of legislative intention. *State v. Genova,* 77 Wis.2d at 151.

"Words and phrases having well-defined meanings in the common law are interpreted to have the same meanings when used in statutes dealing with the same or similar subject matter as that with which they were associated at common law." 2A *Sutherland Statutory Construction* (Sands), sec. 50.03 (4th Ed. 1973).

"Taking and carrying away" is an ancient phrase in common law. "There must not only be a taking, but a carrying away; *cepit et asportavit* was the old law-Latin." 4 W. Blackstone, *Commentaries* 231. Cases abound holding that the slightest movement is sufficient for "carrying away" at common law. See Annot., 19 A.L.R. 724 (1922); Annot., 144 A.L.R. 1383 (1943).

Defendant unquestionably "took" the jacket. He had to move the jacket from wherever he got it to his trousers. That movement and the observed movements of stuffing the jacket into his trousers and of turning to face the clerk, constitute "carrying away." He completed the crime of theft even before the ensuing tug-of-war with the clerk.

Defendant says he is a thief for the additional reason that he concealed the jacket under his parka and in his trousers, that being another act prohibited by sec. 943.-20(1)(a), Stats. We need not and therefore do not decide that question.

Defendant having committed the uncharged crime of theft, he cannot be convicted of the charged crime of attempted theft under this state's statutes.

Sec. 939.66, Stats.,[1] provides in part, "Upon prosecution for a crime, the actor may be convicted of either the crime *charged* or an *included* crime, but not both." (Emphasis added.)

Sec. 939.32(2), Stats., provides,

An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

An "attempt" as defined in sec. 939.32(2), Stats., requires the failure to accomplish the crime. An "attempt" therefore has the element of failure, which the accomplished crime does not. *Dunn v. State*, 55 Wis.2d 192, 196, 197 N.W.2d 749 (1972). Hence, an "attempt" is not a lesser included crime under sec. 939.66(1), Stats., although it may be an "included crime" if it falls under one of the other subsections of sec. 939.66, Stats. *Dunn v. State*, 55 Wis.2d at 195, 196. No other subsection covers an "attempt" to commit the uncharged crime of theft.

---

[1] Sec. 939.66, Stats., provides, Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (1) A crime which does not require proof of any fact in addition to those which must be proved for the crime charged; or (2) A crime which is a less serious type of criminal homicide than the one charged; or (3) A crime which is the same as the crime charged except that it requires recklessness or negligence while the crime charged requires a criminal intent; or (4) An attempt in violation of s. 939.32 to commit the crime charged; or (5) The crime of attempted battery when the crime charged is rape, robbery, mayhem or aggravated battery or an attempt to commit any of them.

As failure to consummate the crime is an element of a criminal attempt, "it logically follows that if the uncontradicted evidence establishes the consummated crime, there can be no conviction for attempt, and the courts of several states have so concluded." *Lightfoot v. State,* 278 Md.2d 231, 234, 360 A.2d 426, 427 (1976). As failure to accomplish the crime is an element of an "attempt" as defined in sec. 939.32(2), Stats., proof that the uncharged crime was committed prevents the actor from being convicted of the charged crime of attempt.

This result is compelled by the statutes involved. It has been described as "anomalous" in *United States v. Fleming,* 215 A.2d 839, 840 (D.C. Court of Appeals 1965), quoting from *State of Connecticut v. Shephard,* 7 Conn. 54 (1828), where it was noted that the defendant goes free "not because he was innocent, but for the very strange reason, that he was too guilty." Although a majority of jurisdictions permit a conviction of attempt upon evidence showing a completed crime, in those jurisdictions where failure to consummate the crime is an essential element of an attempt, the rule is as stated here. *Lightfoot v. State,* 278 Md.2d at 234, citing numerous decisions on both sides of the issue.

*By the Court.*—Judgment reversed.