STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael J. DUYCHAK, Defendant-Appellant.†

Court of Appeals

*No. 85–1886-CR. Submitted on briefs May 21, 1986.—Decided September 3, 1986.*

(Also reported in 395 N.W.2d 795.)

For the defendant-appellant, the cause was submitted on the briefs of *Michael W. Tobin*, of Milwaukee.

For the plaintiff-respondent, the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Barry M. Levenson*, assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Michael J. Duychak appeals from a judgment convicting him of first-degree murder and from an order denying post-conviction relief. Duychak claims that the trial court failed to comply with the standards for accepting a guilty plea and that the trial court erred in instructing the jury. Because we are persuaded that the trial court followed the proper procedures in accepting Duychak's plea of guilty and that it properly instructed the jury, we affirm.

Duychak was charged with the murder of his sister. After originally pleading not guilty, Duychak changed his plea to guilty and not guilty by reason of mental disease or defect. After the trial court accepted the plea of guilty, a jury trial was held to determine Duychak's mental responsibility.

Prior to trial, three psychiatrists evaluated Duychak and they testified at trial as to Duychak's mental condition. This expert psychiatric testimony supported Duychak's theory of defense that the combination of a mental disease and defect resulted in a lack of substantial capacity on the part of Duychak to conform his conduct to the requirements of the law. At the conclusion of the evidentiary portion of trial, the trial court instructed the jury that Duychak's burden was to:

> satisfy [them] to a reasonable certainty by the greater weight of the credible evidence that at the time the crime was committed, he had a mental disease and mental defect as the result of which he

310

lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law.

Similarly, the special verdict asked whether Duychak suffered from a mental disease and defect. The jury answered "no" and therefore did not reach the second question relating to Duychak's ability to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of the law. The trial court denied Duychak's post-conviction motion which raised the same issues raised here.

Duychak claims that the trial court did not comply with the standards for accepting a guilty plea because it failed to explain or insure that Duychak understood the elements of the offense as they applied to the specific facts involved. He further argues that where a plea of guilty is entered, accompanied by a plea of not guilty by reason of mental disease or defect, a greater burden is imposed on the trial court to make certain that the standards for accepting a guilty plea are met. Duychak cites *State v. Cecchini*, 124 Wis.2d 200, 368 N.W.2d 830 (1985), in support of his argument. After completion of the briefing schedule in this case, the supreme court released its opinion in *State v. Bangert*, 131 Wis.2d 246, 389 N.W.2d 12 (1985), which not only overrules a portion of *Cecchini* but also formulates new, alternative procedures for trial courts to follow when accepting guilty or no contest pleas. In *State v. Shegrud*, 131 Wis.2d 133, 389 N.W.2d 7 (1986), a decision released in conjunction with *Bangert*, the supreme court held that the *Bangert* procedures also apply in cases in which a defendant pleads not guilty by reason of mental disease or defect only and chooses not to contest the first phase of the bifurcated proceedings contemplated by sec.

311

971.175, Stats. *Id.* at 138, 389 N.W.2d at 9. Because the record reveals compliance by the trial court with the standards for accepting a plea of not guilty by reason of mental disease or defect only, we are satisfied that Duychak's plea of guilty is valid.

A post-conviction motion to withdraw a plea is addressed to the discretion of the trial court and will be granted only when necessary to correct a manifest injustice. *Hatcher v. State,* 83 Wis.2d 559, 564–65, 266 N.W.2d 320, 323 (1978). The Constitution sets forth the standard that a guilty or no contest plea must be affirmatively shown to be knowing, voluntary, and intelligent. *Bangert,* 131 Wis.2d at 260, 389 N.W.2d at 20. Failing to meet this standard no longer mandates compliance with the requirements of *Ernst v. State,* 43 Wis.2d 661, 170 N.W.2d 713 (1969), that "Rule 11 procedures of personal inquiry are constitutionally required to be followed by state courts." *Bangert,* 131 Wis.2d at 260, 389 N.W.2d at 20. However, such personal colloquy is still statutorily mandated pursuant to sec. 971.08(1), Stats. *Id.* Although sec. 971.08 is not a constitutional imperative, the procedure of the statute nevertheless is designed to assist the trial court in making the constitutionally required determination that a defendant's plea is voluntary. *Id.* at 261, 389 N.W.2d at 20. The standards for accepting a plea of guilty or no contest are set forth in *Ernst,* 43 Wis.2d at 674, 170 N.W.2d at 719,[1] and include a requirement that the accused understand the nature of the crime with which he or she is charged.

---

[1] *Ernst v. State,* 43 Wis.2d 661, 674, 170 N.W.2d 713, 719 (1969) (quoting *State ex rel. Burnett v. Burke,* 22 Wis.2d 486, 494, 126 N.W.2d 91, 95-96 (1964)), requires the following for a valid guilty plea:

A circuit court's conclusion that a guilty plea was taken under constitutionally acceptable circumstances is a question of law which we review without deference to the circuit court. *Cecchini*, 124 Wis.2d at 206, 368 N.W.2d at 834.

██

An understanding of the nature of the charge must include an awareness of the essential elements of the crime. *Bangert*, 131 Wis.2d at 267, 389 N.W.2d at 23; *Cecchini*, 124 Wis.2d at 212, 368 N.W.2d at 836-37. In answer to the trial court's inquiries at the plea hearing, Duychak indicated an understanding that he was admitting to causing the death of another person and that he did so with the intent to kill that person. The trial court also inquired as to Duychak's education, whether he had been treated for any mental disease or defect and whether he consumed any alcohol or took any drugs prior to the plea hearing. Duychak's responses did not

---

1. To determine the extent of the defendant's education and general comprehension.

2. To establish the accused's understanding of the nature of the crime with which he is charged and the range of punishments which it carries.

3. To ascertain whether any promises or threats have been made to him in connection with his appearance, his refusal of counsel, and his proposed plea of guilty.

4. To alert the accused to the possibility that a lawyer may discover defenses or mitigating circumstances which would not be apparent to a layman such as the accused.

5. To make sure that the defendant understands that if a pauper, counsel will be provided at no expense to him.

In addition, Ernst sets out a sixth requirement that the trial judge personally determine that the defendant's admitted conduct constitutes an offense charged or included in the indictment or information to which the defendant has pleaded guilty. *Id.* at 661, 170 N.W.2d at 719.

indicate that he had any problems understanding the nature of the offense.

The record, therefore, reveals that the trial court expressly questioned Duychak as to his understanding of the nature of the offense and that Duychak responded appropriately to all questions. While the trial court bears the burden of establishing a record showing the defendant's understanding of the charge, the form of the inquiry need not be inflexible. *Bangert,* 131 Wis.2d at 266-67, 389 N.W.2d at 23. Here, the trial court complied with the first alternative method mandated by the supreme court in *Bangert* by summarizing the elements of the crime charged. *Id.* at 268, 389 N.W.2d at 23.[2] We are satisfied that the record from the plea hearing sufficiently reflects Duychak's understanding of the nature of the offense.

We also reject Duychak's argument that the law imposes greater procedural requirements when a trial court accepts a "no contest plea" in the guilt phase of sec. 971.175, Stats., proceedings. *Shegrud* recites no such greater duty.

Duychak also suggests that the guilty plea was not valid because he was not aware of the lesser included offenses to first-degree murder and because the trial court incorporated facts from the preliminary hearing in determining that a factual basis existed for the crime charged. We are not aware of any authority, nor does

---

[2] While it does not appear that the trial court was expressly working or reading from the appropriate jury instructions or the applicable statutes, its review of the elements of the charge with Duychak amounted to the same thing.

Duychak point to any, which requires a defendant pleading guilty to exhibit knowledge or understanding of any lesser included offenses. We reject Duychak's suggestion that he is entitled to withdraw his guilty plea on this basis.

As to the trial court's incorporation, by reference, of the facts adduced at the preliminary hearing to establish a factual basis for the crime charged, we note that this procedure is acceptable. *See Cecchini*, 124 Wis.2d at 211, 368 N.W.2d at 836.

We are satisfied that the trial court complied with all requisite standards in accepting Duychak's plea. We therefore reject Duychak's request that we find the guilty plea deficient.

Duychak also argues that the trial court erred by instructing the jury and framing a special verdict in the conjunctive form. By instructing in the conjunctive, argues Duychak, the jury was required to find that he had both a mental disease *and* mental defect before it could reach the second question regarding the effect of any mental disease or defect. As a result, concludes Duychak, the trial court placed a greater burden upon Duychak than does sec. 971.15, Stats., the statute which addresses the mental responsibility of a defendant. We are not persuaded, under the facts of this case, that the trial court erred in instructing the jury and we affirm.[3]

---

[3] The state argues that Duychak has waived this issue by failing to object to the jury instructions and the special verdict form. Although objections which are waived are not reviewable as a matter of right, we may nonetheless consider the merits of the objection. *See State v. Wedgeworth*, 100 Wis.2d 514, 528, 302 N.W.2d 810, 818 (1981).

Our analysis of the issue raised by Duychak must begin with an interpretation of sec. 971.15, Stats., which addresses the mental responsibility of a defendant. The construction of a statute is a question of law which this court reviews independently. *Bitters v. Milcut, Inc.*, 117 Wis.2d 48, 49, 343 N.W.2d 418, 419 (Ct. App. 1983). The aim of all statutory construction is to discern the intent of the legislature. *State ex rel. State Public Defender v. Percy*, 97 Wis.2d 627, 635, 294 N.W.2d 528, 532 (Ct. App. 1980). The spirit and intention of the statute should govern over the literal meaning. *Town of Menominee v. Skubitz*, 53 Wis.2d 430, 437, 192 N.W.2d 887, 890 (1972).

Section 971.15(1), Stats., is clearly written in the disjunctive:

> A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease *or* defect he lacked substantial capacity either to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of law. [Emphasis added.]

Under sec. 971.15, a defendant who suffers from a mental disease or a mental defect is not automatically excused from the legal consequences of his or her conduct. Rather, the critical inquiry under sec. 971.15 is whether, as a result of a certain mental condition, a defendant lacks substantial capacity to either appreciate the wrongfulness of the defendant's conduct or conform the defendant's conduct to the requirements of the law. The legislature intended to excuse a defendant from criminal liability only where a mental condition has the

316

requisite effect, i.e., the inability to appreciate wrongfulness or to conform conduct.

Given this intent on the part of the legislature, we are persuaded that sec. 971.15, Stats., should not be read so as to exclude a claim that the combined effect of both a mental disease and mental defect resulted in the defendant lacking substantial capacity to appreciate the wrongfulness of the defendant's conduct or conform the defendant's conduct to the requirements of the law. Otherwise, a defendant suffering from both a mental disease and mental defect—arguably a more aggravated mental condition than suffering from one or the other—would be deprived of defending on such a theory.

A strict reading of the word "or" should not be undertaken where to do so would render the language of the statute dubious. *City of Hartford v. Godfrey*, 92 Wis.2d 815, 820, 286 N.W.2d 10, 13 (Ct. App. 1979). Moreover, there has been great laxity in the use of the terms "and" and "or," such that the terms are interchangeable and one may be substituted for the other if consistent with legislative intent. 1A Sands, *Sutherland on Statutes and Statutory Construction*, § 21.14 (rev. 4th ed. 1985). Were we to strictly construe the "or" in sec. 971.15, Stats., a defendant would be precluded from pursuing a defense such as the one involved here.

We are convinced that it is unreasonable to limit proof to either a mental disease or a mental defect to the exclusion of proof showing a combination of a mental disease and a mental defect resulting in a lack of substantial capacity to appreciate wrongfulness of conduct or to conform to the requirements of the law. Because we must avoid unreasonable results in the interpretation of statutes, *Kania v. Airborne Freight Corp.*, 99 Wis.2d

746, 766, 300 N.W.2d 63, 71 (1981), and because the spirit and intention of a statute should govern over the literal meaning, *Skubitz*, 53 Wis.2d at 437, 192 N.W.2d at 890, we are persuaded that sec. 971.15, Stats., allows such a claim.

At trial, Duychak's theory of defense was that he suffered both a mental disease and mental defect, the combination of which resulted in a lack of substantial capacity to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of law. Apparently, Duychak believed that only by pursuing this "combination" theory could he prove that the requisite effect of his mental condition existed. This theory permeates the entire trial, from the opening statement of Duychak's attorney through the presentation of witness testimony, and during the closing argument.[4] In addition, the jury instructions requested by Duychak reflected this theory of defense. Neither Duychak nor the state objected to the jury instructions given or to the form of the special verdict.

Under the specific facts of this case, we are persuaded that the trial court properly instructed the jury. Generally, a trial court should instruct the jury with due regard to the facts of the case. *Lutz v. Shelby Mutual Insurance Co.*, 70 Wis.2d 743, 750, 235 N.W.2d 426, 431 (1975). Duychak presented expert psychiatric testimony in support of his "combination" theory. Had the trial court instructed the jury in the disjunctive, the theory of

---

[4] We acknowledge that on cross-examination of Dr. Greist the prosecutor posited questions and elicited opinions which referred to either mental disease or mental defect and not to both. We note, however, that these questions were asked on cross-examination and were inconsistent with Duychak's theory of defense.

318

defense might very well have been destroyed.[5] Under the facts of this case, use of the conjunctive was proper.

We also note that the use of "and/or" in special verdicts has been criticized and is not desirable. *See, e.g., Roehl v. State,* 77 Wis.2d 398, 416, 253 N.W.2d 210, 218 (1977) (use of phrase "and/or" is awkward); *Employers Mutual Liability Insurance Co. v. Tollefsen,* 219 Wis. 434, 437, 263 N.W. 376, 377 (1935) (phrase "and/or" is described as a "befuddling nameless thing"). The instructions, as given, properly inquired of the jury whether Duychak suffered from a certain mental state which resulted in the requisite condition, i.e., the lack of substantial capacity to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of the law.[6]

*By the Court.*—Judgment and order affirmed.

[5] The trial court addressed this dilemma squarely, noting that instructing pursuant to the strict language of the statute effectively deprived Duychak of his theory of defense.

[6] Duychak points out that the standard jury instructions suggest that "[i]f it is not clear that only one of the alternatives applies, the phrase 'mental disease or defect' should be used throughout." Wis J I—Criminal 605, n.1. This suggestion is not helpful where, as here, there is not uncertainty as to which term applies, but rather, where both terms apply. We note that the jury instruction committee only suggests that "[i]f there is evidence of both mental disease and mental defect, both terms could, in the Committee's judgment, be included in the instruction." Wis J I—Criminal 601-662, Introductory Comment at 6. Therefore, while the committee's comments contemplate the use of both terms in appropriate cases, they offer little assistance as to the specific wording of such an instruction.