STATE of Wisconsin, Plaintiff-Respondent,

v.

Albert MENDEZ, Defendant-Appellant.†

Court of Appeals

*No. 89-1027-CR. Submitted on briefs May 16, 1990.—Decided June 13, 1990.*

(Also reported in 459 N.W.2d 578.)

†Petition to review denied.

290

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, *Sally L. Wellman,* assistant attorney general and *Barry M. Levenson,* assistant attorney general.

Before Nettesheim, P.J., Scott, J., and Circuit Judge Daniel P. Anderson, acting.

NETTESHEIM, P.J. Following his guilty pleas, Albert Mendez was convicted of one misdemeanor and four felonies, including intimidation of a witness, pursuant to secs. 940.42 and 940.43(3), Stats. The issue on appeal is whether a factual basis existed for Mendez' guilty plea to the intimidation of a witness charge.

Mendez' convictions resulted from a criminal episode in which Mendez and another, while armed, entered a dwelling and robbed two occupants, including J.L.T. At the plea hearing, the state offered the allegations of the criminal complaint and the preliminary hearing evidence as the factual basis for Mendez' pleas.

In relevant part, the criminal complaint alleged:

Complainant further states that he also has had occasion to interview the said [J.L.T.] who indicated that when the shorter of the two men had demanded initially that she given [sic] them her money that he took a knife and placed it against her throat and

using his other hand had her by her nightgown by neck [sic] and accompanied her off the chair toward the vicinity of her purse; that the taller of the two men took her wallet, opened it and took out her money as described above; that after they took the above described money and the Al-Anon coin they then took her back into her living room *and threatened to kill her several times if she called the police; that they then asked where the telephone was and she showed them and the one with the knife then cut the telephone cord and warned her again not to call the police; that the smaller one later threatened to kill her one more time if she called the police,* then they both left the residence and she then ran and locked the doors to the residence and used a second telephone to call for police assistance. [Emphasis added.]

At the preliminary hearing, J.L.T. testified:

[A]nd then they asked where the phone was and I showed them where the phone was and they cut the phone cord and then they said, *if you call the police, they would kill us—kill me, and I said, well, I can't call the police, you just cut the phone cord, so then they said, well, don't call the police or we're going to kill you,* and I stood there and then they both went out the same way they came in, and I waited a few seconds and then I ran into the kitchen and I put the chain on the door . . .. [Emphasis added.]

Based upon the allegations of the criminal complaint and the preliminary hearing evidence, the trial court determined that a factual basis existed for Mendez' guilty plea to the intimidation of a witness charge. Mendez ultimately received aggregate sentences on all counts totaling thirty years, including a five-year sentence for intimidation of a witness.

292

By post-conviction motion, Mendez, for the first time, contended that a factual basis for the intimidation of a witness charge did not exist. The trial court denied the motion. Mendez appeals asking that we vacate the conviction for intimidation of a witness.

Section 940.42, Stats., provides:

> **Intimidation of witnesses; misdemeanor.** Except as provided in s. 940.43, whoever knowingly and maliciously prevents or dissuades, or who attempts to so prevent or dissuade any witness from attending or giving testimony at any trial, proceeding or inquiry authorized by law, is guilty of a Class A misdemeanor.

Section 940.43, Stats., provides in relevant part:

> **Intimidation of witnesses; felony.** Whoever violates s. 940.42 under any of the following circumstances is guilty of a Class D felony:
>
> **(1)** Where the act is accompanied by force or violence or attempted force or violence, upon the witness . . ..
>
> . . ..
>
> **(3)** Where the act is accompanied by any express or implied threat of force, violence, injury or damage described in sub. (1) or (2).

Mendez contends that his conduct and words did not seek to "prevent or dissuade" J.L.T. "from attending or giving testimony at any trial, proceeding or inquiry authorized by law" within the meaning of sec. 940.42, Stats. Instead, Mendez argues that his conduct, if anything, sought only to dissuade the victim, J.L.T., from reporting the crime. Mendez points out that this conduct is specifically prohibited by secs. 940.44 and 940.45, Stats., pertaining to intimidation of *victims*—not witnesses.

The state initially responds that Mendez is judicially estopped from raising this issue. A party will not be allowed to maintain inconsistent positions in judicial actions and proceedings. *See In re H.N.T.,* 125 Wis. 2d 242, 253 n.7, 371 N.W.2d 395, 400–01 n.7 (Ct. App. 1985). We agree with the state that the ingredients for judicial estoppel might well exist in this case. At the plea hearing, Mendez conceded that a factual basis for his plea existed. Yet, later, at the post-conviction proceeding, Mendez argued just the opposite. Nonetheless, we reject the state's judicial estoppel argument.

The doctrine of estoppel is grounded in basic principles of justice and, where applicable, can bar a party from asserting legal or equitable rights. *Kellogg v. Village of Viola,* 67 Wis. 2d 345, 350, 227 N.W.2d 55, 58 (1975). The state's argument creates a scenario in which a defendant can plead guilty to an offense which was not committed. We conclude that basic principles of justice should not permit a conviction in such a circumstance, despite the defendant's guilty plea. "The purpose of the statutory requirement for a court inquiry as to basic facts is to protect the defendant who pleads guilty voluntarily and understanding the charge brought but not realizing that his conduct does not actually fall within the statutory definition of the charge." *Morones v. State,* 61 Wis. 2d 544, 552, 213 N.W.2d 31, 36 (1973). We therefore reject the state's judicial estoppel argument.[1]

We thus move to the merits of Mendez' claim. Section 971.08(1)(b), Stats., requires that the trial court, before accepting a plea of guilty or no contest, "[m]ake

[1]Nor does the state cite us to any case in which judicial estoppel principles have been applied to a post-conviction claim that a factual basis for the plea did not exist.

such inquiry as satisfies it that the defendant in fact committed the crime charged." As noted earlier, the purpose of this statutory requirement is to assure that the facts supporting the charge actually constitute the statutory offense. *Morones,* 61 Wis. 2d at 552, 213 N.W.2d at 36. Where the trial court has concluded that the evidence did provide a sufficient factual basis to support the plea, the appellate court will not upset such factual findings unless they are contrary to the great weight and clear preponderance of the evidence. *Broadie v. State,* 68 Wis. 2d 420, 423, 228 N.W.2d 687, 689 (1975). This standard of review is the equivalent of the "clearly erroneous" test set forth in sec. 805.17(2), Stats.[2]

Mendez argues that his conduct did not constitute intimidation of a witness within the meaning of sec. 940.42, Stats. Instead, Mendez contends that his conduct, if anything, constituted intimidation of a victim pursuant to sec. 940.44, Stats. Mendez argues that his conduct operated only to prevent or dissuade J.L.T. from reporting the crime—not from "attending or giving testimony at any trial, proceeding or inquiry authorized by law." *See* sec. 940.42. We disagree.

Section 940.41(3), Stats., defines "witness," in part, as "any natural person who has been *or is expected to be*

---

[2]We seriously question whether *Broadie v. State,* 68 Wis. 2d 420, 228 N.W.2d 687 (1975), correctly holds that appellate review of a trial court's determination that a factual basis for a guilty plea exists presents a question of fact. While in some cases the trial court may need to engage in historical fact finding in order to determine whether a factual basis for a plea exists, the ultimate determination is that a given set of facts fulfills a particular legal standard. This presents a question of law. *Nottelson v. DILHR,* 94 Wis. 2d 106, 115–16, 287 N.W.2d 763, 768 (1980). Nonetheless, we are obliged to follow the supreme court's statement in *Broadie.*

*summoned to testify; who by reason of having relevant information is subject to call or likely to be called as a witness, whether or not any action or proceeding has as yet been commenced.*" (Emphasis added.) Thus, on its face, this statute recognizes *putative* witnesses as well as *actual* witnesses.

The fact that the conduct seeks to prevent or dissuade a victim from reporting a crime does not mean, as a matter of law, that the conduct could not also constitute an effort to prevent or dissuade the victim from eventually testifying in a future proceeding. In this case, a reasonable interpretation of Mendez' conduct and threats against J.L.T. is that he sought not only to prevent and dissuade her from reporting the crime, but also to prevent and dissuade her from participating or cooperating in other matters related to the criminal justice process. This process obviously includes giving testimony. Based upon the factual basis, the trial court determined that J.L.T., as an eye-witness/victim of Mendez' conduct, qualified as one who had "relevant information" and who therefore was "likely to be called as a witness" at any trial or proceeding against Mendez. This finding is not clearly erroneous.

The law recognizes that a given factual scenario might embrace more than one crime. *State v. Tolliver*, 149 Wis. 2d 166, 173, 440 N.W.2d 571, 574 (Ct. App. 1989). Section 939.65, Stats., provides that "[i]f an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions." In such a setting, the prosecutor may select one charge or the other in the proper exercise of discretion. *Tolliver,* 149 Wis. 2d at 173, 440 N.W.2d at 574. Since Mendez makes no claim of

prosecutorial abuse of discretion in selection of the charge and since we have concluded that the trial court correctly determined that a factual basis for the plea existed, we affirm the judgment of conviction and the order denying post-conviction relief.

*By the Court.*—Judgment and order affirmed.