STATE of Wisconsin, Plaintiff-Respondent,†

v.

Robert JOHNSON, Defendant-Appellant.

Court of Appeals

*No. 95–0072–CR. Submitted on briefs August 1, 1995.—Decided March 5, 1996.*

(Also reported in 548 N.W.2d 91.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Brian Findley*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Marguerite M. Moeller*, assistant attorney general.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

SULLIVAN, J. Is asportation an element of the crime of armed robbery when the property at issue is an automobile? Based on the Wisconsin Supreme Court's holding in *Moore v. State,* 55 Wis. 2d 1, 197 N.W.2d 820 (1972), and our own decision in *State v. Grady,* 93 Wis. 2d 1, 286 N.W.2d 607 (Ct. App. 1979), we hold that asportation is a necessary element to the crime of completed armed robbery. *See* § 943.32(1)(b) & (2), STATS.

## I. BACKGROUND.

Robert Johnson pleaded guilty to armed robbery.[1] The criminal complaint alleged the following facts. Johnson, while armed with a handgun and after leaving the scene of another attempted robbery, approached Herbert Ball as he sat in his automobile. Johnson ordered Ball to "get out of the car." Ball exited his car and left his keys in the ignition. Johnson got into the car and attempted to start it. Meanwhile, Ball had entered his adjacent house. He looked back and saw Johnson exit the car. The automobile never moved.

The State charged Johnson with armed robbery and he waived his preliminary hearing. At Johnson's plea hearing, the assistant district attorney acknowledged, "Apparently the car stalled or shut off or would not start. Mr. Johnson could not get away with the car." Johnson pleaded guilty to armed robbery and the trial court used the complaint and the plea hearing as a factual basis for the guilty plea. The trial court then sentenced Johnson and entered the judgment of conviction.

---

[1] Johnson also pleaded guilty to attempted armed robbery, while concealing his identity, as a party to a crime, based on other conduct. He does not challenge his conviction on this count; thus, we need not discuss it.

Johnson later moved to withdraw his guilty plea, alleging that there was no factual basis in the record to support the asportation element of armed robbery. He argued both that a manifest injustice occurred, warranting withdrawal of his plea, and that he did not knowingly, voluntarily, and intelligently enter his plea because he did not know that "armed robbery requires that he take and carry away the car."

The trial court denied the postconviction motion, ruling that when Johnson "signed the Guilty Plea Questionnaire and Waiver of Rights form, he gave up his right to challenge the sufficiency of the complaint and/or information,"—that is, Johnson waived his right to challenge the sufficiency of the complaint.[2] The trial court also ruled that Johnson knowingly, voluntarily, and intelligently entered his guilty plea, finding that after the plea colloquy, Johnson understood the nature of the armed robbery charge and that he was adequately informed of the elements of that crime. Hence, the trial court concluded that Johnson did not establish that a plea withdrawal was necessary to correct a "manifest injustice."

## II. ANALYSIS.

On appeal, Johnson renews his argument that there was no factual substrate for his guilty plea

[2] The State concedes the trial court erred in ruling that Johnson waived his right to challenge his guilty plea to the armed robbery. We agree. *See State v. Mendez,* 157 Wis. 2d 289, 294, 459 N.W.2d 578, 580 (Ct. App. 1990) (rejecting judicial estoppel in identical situation to case at bar: "The [S]tate's argument creates a scenario in which a defendant can plead guilty to an offense which was not committed. We conclude that basic principles of justice should not permit a conviction in such a circumstance, despite defendant's guilty plea.").

because there was no evidence of asportation, a necessary element of the crime of completed armed robbery. He asks this court to reverse the trial court's judgment and allow him to withdraw his guilty plea based on this alleged "manifest injustice." The State argues that the crime of armed robbery of an automobile did not require proof of asportation or, alternatively, that if asportation was an element of the crime, it was satisfied by allegations in the complaint that Johnson forcibly entered the car, took possession and attempted to start it. The State concedes, however, that if asportation is an element of the crime that can be satisfied only by proof that the car was moved, then manifest injustice necessitates withdrawal of Johnson's plea.

Whether to grant a motion for withdrawal of a plea lies in the sound discretion of the trial court, which we will not upset absent an erroneous exercise of discretion. *State v. Spears,* 147 Wis. 2d 429, 434, 433 N.W.2d 595, 598 (Ct. App. 1988). "A proper exercise of discretion consists of the court applying the relevant law to the applicable facts in order to reach a reasonable conclusion." *State v. Jackson,* 188 Wis. 2d 187, 194, 525 N.W.2d 739, 742 (Ct. App. 1994). In this case, the relevant law provides that a post-sentencing motion for withdrawal of a guilty plea should only be granted when necessary to correct a manifest injustice. *See State v. Harrell,* 182 Wis. 2d 408, 414, 513 N.W.2d 676, 678 (Ct. App.), *cert. denied,* 115 S. Ct. 167 (1994).

Before a trial court can accept a guilty plea it must " 'personally determine that the conduct which the defendant admits constitutes the offense . . . to which the defendant has pleaded guilty.' " *State v. Harrington,* 181 Wis. 2d 985, 989, 512 N.W.2d 261, 263 (Ct.

708

App. 1994) (citation omitted). Further, the " 'failure of the trial court to establish a factual basis showing that the conduct which the defendant admits constitutes the offense . . . to which the defendant pleads, is evidence that a manifest injustice has occurred,' warranting withdrawal of the plea." *Id.* (citation omitted). If the trial court does determine that there was a sufficient factual basis for accepting the plea, this court will not reverse that finding unless it is "clearly erroneous." *Id.*

Johnson solely challenges the factual substrate for one element of the crime of completed armed robbery—asportation. Section 943.32(1)(b) & (2), STATS. (1991-92), provides, in relevant part:

> **(1)** Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class C felony:
>
> . . . .
>
> (b) by threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.[3]
>
> **(2)** Whoever violates sub. (1) by use or threat of use of a dangerous weapon or any article used or fashioned in a manner to lead the victim reasonably to believe that it is a dangerous weapon is guilty of a Class B felony.

---

[3] Johnson allegedly committed the armed robbery in February 1994 and therefore the 1991-92 statutes were in effect. The legislature subsequently amended § 943.32, STATS., to make the statutory language gender-neutral. 1992 Wis. Act 486, §§ 608 & 609.

In addressing Johnson's argument, we do not start with a blank slate because the Wisconsin Supreme Court has already construed § 943.32, STATS. In *Moore*, the supreme court held that the crime of "robbery necessarily includes the element of asportation." *Moore*, 55 Wis. 2d at 6, 197 N.W.2d at 823. The court acknowledged that the language of § 943.32, STATS., did not expressly state an element of asportation; however, the court concluded that the language—" 'with intent to steal, *takes* property' "—embraced the element of asportation. *Id.* at 5, 197 N.W.2d at 822 (emphasis added). In *Grady*, this court defined asportation as: " 'The removal of things from one place to another. The carrying away of goods.' " *Grady*, 93 Wis. 2d at 6, 286 N.W.2d at 608 (citation omitted). We stated: "Asportation, then, is a transaction beyond the point in time when the property of another is taken." *Id.*[4] We note

---

[4] The roots of the asportation requirement reach to English Common Law: " 'There must not only be a taking, but a carrying away; *cepit et asportavit* [He took and carried away.] was the old law-Latin.' " *Berry v. State*, 87 Wis. 2d 85, 88, 273 N.W.2d 376, 378 (Ct. App. 1978) (quoting 4 WILLIAM BLACKSTONE, COMMENTARIES 231) (bracketed materials added), *rev'd on other grounds*, 90 Wis. 2d 316, 280 N.W.2d 204 (1979), *cert. denied*, 444 U.S. 1020 (1980).

We must additionally note, however, that a distinguished commentator on Wisconsin law emphasized after the 1956 revision of the Wisconsin Criminal Code that asportation was not a necessary requirement under § 943.32, STATS.:

> The taking that the statute requires is dealt with in the law of theft. As the critical behavior which the statutes desires to preclude is not so much the taking, but the accompanying circumstances by which the taking is accomplished, this provision is unlikely to give difficulty. It is sufficient if there is some unjustified assertion of control. . . . To accomplish the purpose of the statute, the word "takes" may be construed broadly within these

that in the context of similar language in Wisconsin's theft statute, our supreme court declared: "The asportation requirement should be considered in the light of the statute's general purpose to proscribe the exercise of unauthorized control over the moveable property of another." *Berry v. State*, 90 Wis. 2d 316, 330, 280 N.W.2d 204, 211 (1979), *cert. denied*, 444 U.S. 1020 (1980). Nonetheless, the supreme court still noted that there "must be a movement away from the area where the [item] was intended to be." *Id.* While we conclude this consideration should also apply to the asportation element of the armed robbery statute, we can find no basis to conclude that armed robbery of an automobile

---

limits. Ancient restrictions such as the necessity that the property be "carried away" as well as taken will not obtain.

Gordon B. Baldwin, *Criminal Misappropriations in Wisconsin: Part II*, 44 MARQ. L. REV. 430, 447 (1961).

The Wisconsin Supreme Court in *Moore v. State*, 55 Wis. 2d 1, 197 N.W.2d 820 (1972), construed § 943.32, to include an asportation element, and thus, did not follow this commentary. Hence, we must follow the supreme court's construction of the robbery statute.

Indeed, the dissent's alleged " 'common-sense' construction," focusing on whether an assailant "takes control of the car," *see* dissent at 714, downplays the supreme court's asportation requirement in *Berry* that there "must be a movement away from the area where the [item] was intended to be." *Berry*, 90 Wis. 2d at 530, 280 N.W.2d at 211. In essence, the dissent construes the statute in a manner consistent with pre-*Moore* commentary. *See* Baldwin, *supra* (focusing on "unjustified assertion of control"). We, instead, follow the supreme court's holding after *Moore*. Thus, where there is no evidence that Ball's automobile ever moved, even slightly, this court must conclude that there is an insufficient factual predicate for Johnson's guilty plea.

does not require the automobile's movement away from the area where it was intended to be.

The State argues that the asportation element "should not apply where the property taken is an automobile," positing: "Unlike the coin purse involved in *Moore* or the stolen radio in *Grady*, a motor vehicle does not necessarily have to be moved in order for a thief to exercise control over it."[5] This court cannot create such an exception because our supreme court has definitively held that asportation is a necessary element to the completed crime of robbery under § 943.32, STATS. *See Jocz v. LIRC,* 196 Wis. 2d 273, 298 n.12, 538 N.W.2d 588, 596 n.12 (Ct. App. 1995) (stating that "as an intermediate appellate court in this state we are bound by the pronouncements of the Wisconsin Supreme Court"). Obviously, if either the supreme court or legislature wishes to alter this requirement, it is free to do so; but until such a change occurs we must apply the statute as previously construed in *Moore* and *Grady*. Thus, the completed crime of armed robbery of an automobile "necessarily includes the element of asportation." *Moore,* 55 Wis. 2d at 6, 197 N.W.2d at 823.

Accordingly, we must review whether the trial court determined that the facts in the complaint and plea hearing established that Johnson's conduct constituted the pleaded offense of armed robbery. *Harrington,* 181 Wis. 2d at 989, 512 N.W.2d at 263. The State concedes that the trial court never addressed the question of whether a factual basis existed for the asportation element of the crime. Further, the State concedes that neither the complaint nor the plea hear-

---

[5] The State cites to *People v. Alamo,* 315 N.E.2d 446 (N.Y. 1974), as an example of a jurisdiction that has recognized such an exception.

712

ing statements provide a factual predicate for the element of asportation. There is no factual basis to support a finding that either Ball's automobile or its keys were ever moved, even slightly. *See Berry v. State,* 87 Wis. 2d 85, 87, 273 N.W.2d 376, 377-78 (Ct. App. 1978) (citation omitted), *rev'd on other grounds,* 90 Wis. 2d 316, 280 N.W.2d 204 (1979), *cert. denied,* 444 U.S. 1020 (1980); *see also* Marygold S. Melli & Frank J. Remington, *Theft—A Comparative Analysis of the Present Law and the Proposed Criminal Code,* 1954 WIS. L. REV. 253, 256 (stating "any movement however slight has been held to be sufficient" for asportation requirement). Without such a factual predicate for his guilty plea, Johnson has established by clear and convincing evidence that the plea withdrawal is "necessary to correct a manifest injustice." *Harrington,* 181 Wis. 2d at 989, 512 N.W.2d at 263. Accordingly, the trial court erroneously exercised its discretion in denying his post-conviction motion to withdraw his guilty plea to the armed robbery count.

### III. SUMMARY.

Based on the prior holdings of the Wisconsin Supreme Court and the Court of Appeals, we must reverse Johnson's judgment of conviction for armed robbery and the order denying his postconviction motion. We remand the matter to the trial court with directions to allow Johnson to withdraw his plea to the armed robbery charge. The remainder of the judgment of conviction is affirmed.

*By the Court.*—Judgment and order affirmed in part; reversed in part; and cause remanded with directions.

SCHUDSON, J. (*dissenting*).

The majority notes that in *Berry v. State*, 90 Wis. 2d 316, 280 N.W.2d 204 (1979), *cert. denied*, 444 U.S. 1020 (1980), the supreme court declared that "[t]he asportation requirement should be considered in light of the statute's general purpose to proscribe the exercise of unauthorized control over the movable property of another." *Id.* at 330, 280 N.W.2d at 211. The majority reasonably concludes that although *Berry* was referring to the theft statute, "this consideration should also apply to the asportation element of the armed robbery statute." Majority op. at 711. I agree. Therefore, I also would suggest that we consider the next sentence of *Berry*: " 'Carrying away' must be given a practical, common-sense construction." *Berry*, 90 Wis. 2d at 330, 280 N.W.2d at 211.

Applying a "common-sense construction," I conclude that where an armed assailant forces an owner out of his or her car and takes control of the car, the assailant has committed armed robbery. As Sancho Panza once explained, "Whether the stone hits the pitcher or the pitcher hits the stone, it's going to be bad for the pitcher." IRVING JACOBSON, *A Little Gossip, on* MAN OF LA MANCHA (Capp Records, Inc. 1966). Similarly, whether an armed robber takes the property away from the victim, or forces the victim to take himself or herself away from the property, it's going to be bad for the victim.

Accordingly, I respectfully dissent.