STATE of Wisconsin, Plaintiff-Respondent,

v.

Stephen A. FREER, Defendant-Appellant.†

Court of Appeals

*No. 2008AP2233–CR. Submitted on briefs April 10, 2009.*
*—Decided December 3, 2009.*

2010 WI App 9

(Also reported in 779 N.W.2d 12.)

† Petition to Review denied 2/23/10.

29

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Suzanne L. Hagopian*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeffrey Kassel*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Lundsten, Higginbotham and Bridge, JJ.

¶ 1. HIGGINBOTHAM, J. Stephen Freer appeals a circuit court order denying his motion to dismiss and a judgment of conviction entered on a jury verdict for misdemeanor intimidation of a crime victim contrary to WIS. STAT. § 940.44(2) (2007–08),[1] and felony bail jumping. Freer contends that the State failed to prove the crime because the victim intimidation statute plainly excludes from its reach the scenario here, an act of

---

[1] WISCONSIN STAT. § 940.44 (2007–08) provides as follows:

[W]hoever knowingly and maliciously prevents or dissuades, or who attempts to so prevent or dissuade, another person who has been the victim of any crime or who is acting on behalf of the victim from doing any of the following is guilty of a Class A misdemeanor:

(1) Making any report of the victimization to any peace officer or state, local or federal law enforcement or prosecuting agency, or to any judge.

(2) Causing a complaint, indictment or information to be sought and prosecuted and assisting in the prosecution thereof.

(3) Arresting or causing or seeking the arrest of any person in connection with the victimization.

All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

32

intimidation that occurs after a complaint has been sought. We reject Freer's interpretation of § 940.44(2), and affirm.

## BACKGROUND

¶ 2. The relevant facts are undisputed. Freer was involved in an altercation with the entertainer Truly Remarkable Loon outside Loon's home on Madison's near east side. Loon reported the incident and Freer received a citation for disorderly conduct.

¶ 3. The same day the criminal complaint was filed charging Freer with disorderly conduct, Freer left a voice message on the answering machine of a friend of Loon's who frequently hires Loon to perform at community events. In the message, Freer describes in a rambling manner the altercation with Loon, and accuses Loon of misconduct. He further states that Loon's alleged conduct is widely known, and that "the community" is gathering evidence against Loon to be brought to the media's attention. Freer declares that the community is "outraged [at Loon's] unjustified denunciation" of Freer, and adds that if Loon wants to "get into a spitting contest . . . then we're gonna go ahead and take [Loon's alleged misconduct] to the public arena." If Loon wants "to denounc[e] people in an unjustified way," says Freer, "he will find . . . justified denunciation of his . . . own [misconduct]." It is undisputed that this alleged act of intimidation did not occur in time to prevent or dissuade Loon from "causing a complaint to be sought."

¶ 4. Based on this alleged threat, Freer was also charged with intimidating a victim pursuant to Wis. Stat. § 940.44(2), and felony bail jumping pursuant to Wis. Stat. § 946.49(1)(b). Freer moved to dismiss these

additional charges, making the same arguments he makes on appeal. The court denied the motion to dismiss, and the case went to trial. A jury found Freer guilty on both counts. Freer appeals the order denying his motion to dismiss, and the judgment of conviction.

## DISCUSSION

¶ 5. This case requires us to interpret the misdemeanor victim intimidation statute, Wis. Stat. § 940.44, to determine whether it proscribes the intimidating act for which Freer was convicted, a question of statutory interpretation subject to de novo review. *See State v. Long*, 2009 WI 36, ¶ 20, 317 Wis. 2d 92, 765 N.W.2d 557.

¶ 6. When interpreting a statute, we begin with the statutory language. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we ordinarily stop the inquiry and apply that meaning. *Id.* We interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Id.* (citation omitted). A statute is ambiguous only if reasonably well-informed persons could interpret its meaning in two or more senses. *Id.*, ¶ 47. When the statutory language is ambiguous, we may consult extrinsic sources of interpretation, such as legislative history. *Id.*,

34

¶ 48. The purpose of statutory interpretation is to give full effect to the policy choices of the legislature. *See id.*, ¶ 44.

¶ 7. WISCONSIN STAT. § 940.44(2) prohibits a person from "knowingly and maliciously prevent[ing] or dissuad[ing], or . . . attempt[ing] to so prevent or dissuade" a victim of a crime or a person acting on their behalf from "[c]ausing a complaint, indictment or information to be sought *and* prosecuted *and* assisting in the prosecution thereof." (Emphasis added.) It is the legislature's use of "and" in this statute that is at the heart of Freer's argument.

¶ 8. Freer contends that the act of intimidation must prevent or dissuade or attempt to prevent or dissuade a victim of all three of the following:

- Causing a complaint, indictment or information to be sought.

- Causing a complaint, indictment or information to be prosecuted.

- Assisting in the prosecution.

This is the correct reading of the statute, maintains Freer, because these three actions are connected with the conjunctive "and," not the disjunctive "or." Thus, according to Freer, the State failed to prove the crime of intimidation of a victim because the alleged act of intimidation occurred *after* Loon caused a complaint to be sought.[2]

¶ 9. The State asserts that Freer's interpretation of the victim intimidation statute means that it would

---

[2] Freer asserts that Loon caused a complaint to be sought against him when Loon reported the incident to the police later that day and the police issued a misdemeanor citation for disorderly conduct. The State does not dispute this assertion.

punish some acts of intimidation while leaving others unpunished based solely on when the act is committed, a manifestly absurd result. The State also maintains that Freer's interpretation renders portions of the statute surplusage because any attempt to dissuade a victim from causing a complaint to be filed would, by definition, be an attempt to prevent the victim from "assisting in the prosecution."

¶ 10. The State also contends that the word "and" does not always carry a conjunctive meaning when used to string together multiple items in a statute. Citing *State ex rel. Wis. Dry Milk Co. v. Circuit Court for Dodge County*, 176 Wis. 198, 204, 186 N.W.732 (1922), *State v. Wester*, 691 N.W.2d 536, 540–41 (Neb. 2005), and other cases, *see, e.g. State v. Duychak*, 133 Wis. 2d 307, 317, 395 N.W.2d 795 (Ct. App. 1986), the State urges that we read "and" in the disjunctive in Wis. Stat. § 940.44(2). The State argues that such a reading is consistent with the legislative intent of § 940.44(2) expressed in the context, purpose and legislative history of the statute.

¶ 11. Freer responds that his reading of the statute would not result in punishing some acts of intimidation while leaving others unpunished because acts occurring after the victim has caused a complaint to be sought could be prosecuted under the witness intimidation statute, Wis. Stat. § 940.42.[3] Freer notes that the witness statute extends to "putative witnesses" pursuant to *State v. Mendez*, 157 Wis. 2d 289, 295–96, 459 N.W.2d 578 (Ct. App. 1990), which would include most, if not all, crime victims.

---

[3] Wisconsin Stat. § 940.42 provides that "whoever knowingly and maliciously prevents or dissuades, or who attempts to so prevent or dissuade any witness from attending or giving testimony at any trial, proceeding or inquiry authorized by law, is guilty of a Class A misdemeanor."

¶ 12.   Freer further argues that we must presume that the legislature did not intend "and" to be read disjunctively—i.e., to have the same meaning as "or"—because the legislature used the word "or" in other subsections of Wis. Stat. § 940.44. *See Graziano v. Town of Long Lake*, 191 Wis. 2d 812, 822, 530 N.W.2d 55 (Ct. App. 1995) ("[W]here the legislature uses similar but different terms in a statute, particularly within the same section, we may presume it intended the terms to have different meanings."). Freer notes that subsections (1) and (3) of § 940.44, unlike § 940.44(2), use "or" when listing multiple items constituting victim intimidation:

> **(1)** Making any report of the victimization to any peace officer or state, local or federal law enforcement or prosecuting agency, or to any judge.
>
> . . . .
>
> **(3)** Arresting or causing or seeking the arrest of any person in connection with the victimization.

Had the legislature intended "and" to mean "or" in subsection (2), argues Freer, it would have used "or" as it did in subsections (1) and (3).

¶ 13.   We conclude that Wis. Stat. § 940.44(2), the victim intimidation statute, is ambiguous. First, as the State points out, "and" in statutes is not always interpreted as a conjunctive term. *See Duychak*, 133 Wis. 2d at 317, and *Wester*, 691 N.W.2d at 41. Indeed, this is not a new idea in Wisconsin. *See State ex rel. Wis. Dry Milk Co.*, 176 Wis. at 204 ("It is a familiar rule of construction that the words 'or' and 'and' are often used incorrectly, and that where a strict reading would render the sense dubious one may be read in place of the other, in deference to the meaning of the context.") (citations omitted).

37

¶ 14. We acknowledge, as Freer argues, that modern sources of authority appear to be generally less inclined to interpret "and" in the disjunctive. *Compare* 1A Singer, SUTHERLAND STATUTORY CONSTRUCTION § 21.14 p. 20 (5th ed. Cum. Supp. 2001) (the "strict meaning" of "and" and "or" "should be followed when their accurate reading does not render the sense of the statute confusing and there is no clear legislative intent to have the words not mean what they strictly should") *and State ex rel. Rich v. Steiner*, 160 Wis. 175, 177–78, 151 N.W.256 (1915) ("strict meaning" of "and" and "or" should be "more readily departed from other words" because the statutes have become "infected" by popular misuse of "and" and "or"). Nonetheless, it remains true that the legislature has a history of using "and" when the context shows it means "or."

¶ 15. Second, Freer is wrong when he argues that his interpretation of the victim intimidation statute does not leave gaps. Freer's interpretation of the statutory scheme created by the victim intimidation statute and the witness intimidation statute is less plausible on closer examination. It may be, as Freer suggests, that all victims are "putative witnesses" under *Mendez*, and therefore subject to the protection of the witness intimidation statute. However, regardless of *Mendez*, certain acts of victim intimidation fall outside the coverage of the witness statute and would be beyond the reach of either statute under Freer's interpretation. For example, suppose a defendant is charged with child sexual assault and, thereafter, threatens to harm the victim if she tells investigators about evidence showing that the defendant is a pedophile, such as the location of his child pornography. Under Freer's interpretation, this conduct would not be covered by either the victim statute or the witness statute. It would not be covered

by the victim statute because the threat occurred after charging. It would not be covered by the witness statute because the threat was not intended to prevent or dissuade the child from testifying.

¶ 16. So far as we can discern, the above hypothetical could not be prosecuted as witness intimidation. In *Mendez*, for example, the defendant committed a robbery, and threatened to kill the victim if she reported the crime to police. *See Mendez*, 157 Wis. 2d 291–92. While Mendez's threat was not specifically intended to prevent the victim from testifying at trial, we upheld Mendez's conviction under the witness intimidation statute, WIS. STAT. § 940.42, because an inevitable result of his preventing a victim from reporting the crime would have been that she would never have testified against Mendez at a trial. *See id.* at 295–96. By contrast, the act of intimidation in our hypothetical would not have had the effect of preventing the victim from appearing as a witness at trial.

¶ 17. Third, Freer's interpretation of the victim intimidation statute would render other language in the statute surplusage. Freer's view that WIS. STAT. § 940.44(2) is unavailable once a complaint has been sought renders the entire subsection surplusage. A complaint is sought when an alleged victim reports a crime to law enforcement. However, subsection (1) of the victim intimidation statute prohibits attempts to prevent or dissuade a victim from reporting a crime to a law enforcement officer. Freer's reading of subsection (2) of the statute as not applying after a complaint has been sought would thus prohibit the same acts prohibited by subsection (1).

¶ 18. In the same vein, restricting the application of the victim intimidation statute to conduct occurring before the victim reports the crime results in prohibit-

39

ing a victim from assisting in the prosecution of the crime. This construction renders the part of subsection (2) prohibiting a person from dissuading a victim from "assisting in the prosecution" surplusage. Wis. Stat. § 940.44(2).

¶ 19. To sum up, the gap in coverage, combined with the fact that the legislature has sometimes used the term "and" when it meant the disjunctive "or," and the fact that Freer's interpretation would render parts of the victim intimidation statute surplusage, leads us to conclude that the victim intimidation statute is ambiguous.

¶ 20. Having concluded that Wis. Stat. § 940.44(2), the victim intimidation statute, is ambiguous, we resort to extrinsic sources, namely, the statute's legislative history.[4] *See Kalal*, 271 Wis. 2d 633, ¶¶ 48,

---

[4] Consideration of legislative history appears to be particularly fitting when a statutory interpretation turns on whether to apply a conjunctive or disjunctive meaning to the words "and" or "or"; multiple sources of authority state that "and" is to be given its usual, conjunctive meaning and "or" is be read in the disjunctive *unless such an interpretation would be contrary to the legislative intent. See State v. Duychak*, 133 Wis. 2d 307, 317, 395 N.W.2d 795 (Ct. App. 1986) ("and" and "or" may be substituted for each other when such a reading is consistent with legislative intent); *State v. Wester*, 691 N.W.2d 536, 540–41 (Neb. 2005) ("and" may be read as "or" and vice versa "if to do so is necessary . . . to effectuate the intention of the Legislature"); 1A Singer, Sutherland Statutory Construction § 21.14 p. 20 (5th ed. Cum. Supp. 2001) ("courts have generally said that ["and" and "or"] are interchangeable and that one may be substituted for the other, if consistent with the legislative intent."). This formulation suggests at the very least that, when determining whether to read "and" or "or" conjunctively or disjunctively in a statute, the inquiry should not end with the plain meaning of these terms.

51. WISCONSIN STAT. §§ 940.41 through 940.49, the victim and witness intimidation statutes, were created by 1981 Wis. Laws, ch. 118. *See* 1981 Wis. Laws, ch. 118, § 4. The bill adopted by the legislature included an analysis of the Legislative Reference Bureau ("LRB analysis"), which reads in part: "This proposal creates a series of crimes relating to intimidating witnesses and crime victims. A person who maliciously prevents or dissuades . . . a crime victim from making a report, assisting the prosecution *or* seeking an arrest will be guilty of a Class A misdemeanor." LRB Analysis, 1981 Assembly Bill 398, LRB-0921/2, in Drafting File of 1981 Wis. Laws, ch. 118 (emphasis added).

¶ 21. The LRB analysis of the bill explains that a person who maliciously prevents or dissuades a crime victim from doing any one of three things—making a report, assisting the prosecution or seeking an arrest— would be guilty of misdemeanor intimidation of a victim. LRB Analysis, Drafting file of 1981 Wis. Laws, ch. 118. As the State correctly asserts, these three activities coincide with the three subsections of WIS. STAT. § 940.44: preventing or dissuading a victim from (a) "making a report" refers to § 940.44(1) ("[m]aking any report of the victimization to any peace officer or state, local or federal law enforcement or prosecuting agency, or to any judge"); (b) "assisting in the prosecution" refers to § 940.44(2); and (c) "seeking an arrest" refers to § 940.44(3) ("[a]rresting or causing or seeking the arrest of any person in connection with the victimization").

¶ 22. The LRB's analysis of a bill is printed with and displayed on the bill when it is introduced in the legislature; as such, it is indicative of legislative intent. *See Dairyland Greyhound Park, Inc. v. Doyle*, 2006 WI 107, ¶ 32, 295 Wis. 2d 1, 719 N.W.2d 408. The LRB

analysis of the crime victim and witness intimidation bill adopted by the legislature generally describes WIS. STAT. § 940.44(2) as prohibiting the preventing or dissuading of a victim from "assisting in the prosecution." It thus appears from the LRB analysis that the legislature intended "causing a complaint . . . to be sought and prosecuted" to be an example of the broader category of assistance identified in § 940.44(2), "assisting in the prosecution."

¶ 23.  The LRB analysis is contrary to Freer's theory that the legislature intended to limit the application of the statute to acts of intimidation occurring before a complaint is sought. As the State notes, the LRB analysis does not even mention language in WIS. STAT. § 940.44(2) about "[c]ausing a complaint . . . to be sought and prosecuted," much less state that the purpose of this language is to limit the reach of the statute to acts of intimidation occurring before a complaint is sought.

■

¶ 24.  In light of the LRB analysis, we conclude that the legislature intended the victim intimidation statute to prohibit any act of intimidation that seeks to prevent or dissuade a crime victim from assisting in the prosecution. Accordingly, we read "and" in the phrase "causing a complaint . . . to be sought and prosecuted and assisting in the prosecution thereof" in the disjunctive, and thereby conclude that WIS. STAT. § 940.44(2) prohibits knowingly or maliciously preventing or dissuading a crime victim from providing *any one or more* of the following forms of assistance to prosecutors: (1) causing a complaint, indictment or information to be sought; (2) causing a complaint to be prosecuted; or (3) assisting in the prosecution.

¶ 25. Freer argues that this interpretation is contrary to the rule of lenity, which holds that when the meaning of a criminal statute is in doubt, it should be interpreted in favor of the accused, *see State v. Cole*, 2003 WI 59, ¶ 13, 262 Wis. 2d 167, 663 N.W.2d 700, and contrary to the general rule that penal statutes are to be construed strictly to safeguard the defendant's rights, *see State v. Kittilstad*, 231 Wis. 2d 245, 266–67, 603 N.W.2d 732 (1999). We reject both arguments.

¶ 26. The rule of lenity comes into play only when a court is unable to clarify the intent of the legislature, *see Cole*, 262 Wis. 2d 167, ¶ 67, and we have clarified the legislative intent of Wis. Stat. § 940.44(2) by examining its legislative history. The related rule of strict construction of penal statutes "cannot be used to circumvent the purpose of the statute," *Kittilstad*, 231 Wis. 2d at 267, and application of the rule in this case would circumvent the legislative purpose of § 940.44(2).[5]

---

[5] In his reply brief, Freer argues that, even under the State's construction of Wis. Stat. § 940.44(2), he is entitled to a new trial on the basis that the complaint and amended complaint alleged only that he attempted to dissuade Loon "from causing a complaint to be sought and prosecuted, contrary to sec. 940.44(2)," and not that he attempted to dissuade Loon from assisting in the prosecution. Because Freer failed to make this argument in his brief-in-chief, thus denying the State the opportunity to respond, we conclude that he has waived this argument. *See Ash Park, LLC v. Alexander & Bishop, Ltd.*, 2009 WI App 71, ¶ 25, 317 Wis. 2d 772, 767 N.W.2d 614; *Olivarez v. Unitrin Prop. & Cas. Ins. Co.*, 2006 WI App 189, ¶ 34, 296 Wis. 2d 337, 723 N.W.2d 131.

## CONCLUSION

¶ 27.  In summary, we affirm Freer's judgment of conviction for misdemeanor intimidation of a crime victim, WIS. STAT. § 940.44(2). We reject Freer's argument that § 940.44(2) excludes from its reach alleged acts of intimidation, such as Freer's, which occur after a victim has caused a complaint to be sought. Instead, we construe § 940.44(2) to apply to all acts of intimidation that attempt to prevent or dissuade a crime victim from providing any one or more of the following forms of assistance to prosecutors:   (1) causing a complaint, indictment or information to be sought; (2) causing a complaint to be prosecuted; or, more generally, (3) assisting in a prosecution. We therefore affirm.

*By the Court.*—Judgment and order affirmed.