STATE of Wisconsin, Plaintiff-Respondent,

v.

Joseph H. HARRINGTON, Defendant-Appellant.

Court of Appeals

*No. 93–1322–CR. Submitted on briefs January 6, 1994.—Decided January 27, 1994.*

(Also reported in 512 N.W.2d 261.)

For the defendant-appellant the cause was submitted on the briefs of *Charles Bennett Vetzner*, assistant state public defender, Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Sally L. Wellman*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

EICH, C.J.   Joseph Harrington appeals from a judgment convicting him, on his plea of no contest, of felony theft (property over $1,000 in value), in violation of § 943.20(1)(a) and (3)(b), STATS., and an order denying his motion for postconviction relief.

The issue is whether a factual basis existed for the trial court's acceptance of the plea. We conclude that it did not, and we reverse and remand for resentencing as a misdemeanor.

The facts are not disputed. Harrington was initially charged with burglary, and a complaint charging that offense was issued. Several months later, the State amended the complaint to charge felony theft, but the probable cause statement in the complaint remained unchanged. When it came time at the plea hearing for the State to establish that a factual basis existed for Harrington's plea, the prosecutor asked defense counsel whether he would "stipulate to the facts as set forth in [the] complaint as forming a factual basis" for the plea. Defense counsel responded in the affirmative. On that record, the trial court determined that a factual basis existed, accepted Harrington's plea and found him guilty of felony theft.

Harrington argues on appeal that the complaint did not provide a factual basis for the plea because nowhere in its recitation of the facts is there any reference to the value of the property taken as exceeding $1,000.

Pursuant to § 943.20(3)(a), STATS., one who takes property of another that does not exceed $1,000 in value is guilty of a "Class A misdemeanor"—an offense carrying a maximum penalty of nine months in the county jail and/or a fine of $10,000. Section 939.51(3)(a), STATS. Where, however, the property taken has a value over $1,000, but does not exceed $2,500, the offense is a "Class E felony," carrying a maximum term of two years in the state prison and/or a $10,000 fine. Sections 943.20(3)(b) and 939.50(3)(e), STATS. Harrington was sentenced under the latter section and received an eighteen-month prison sentence.

We agree with the State that the probable cause section of the complaint sets forth facts that provide a factual basis for acceptance of a plea to burglary—an offense with a maximum prison term of ten years. It also is true that Harrington's counsel stipulated to those facts as stating a factual basis for Harrington's plea to the felony theft charge.

However, the complaint nowhere addresses the nature or the value of the property taken. It states only that the owner of the premises in question reported that "specific items [had been] stolen from within the building," and that one of Harrington's accomplices told police that Harrington and another accomplice had come out of the building with "items stolen from inside."

The State does not dispute this, arguing instead that Harrington's conviction should stand because he knew he was pleading to the felony theft charge, and

that we should accept counsel's stipulation as conclusive on the "factual basis" issue. We disagree.

Establishment of a factual basis for a plea to the charged crime is separate and distinct from the requirement that the voluntariness of the plea be established to the trial court's satisfaction. *White v. State*, 85 Wis. 2d 485, 491, 271 N.W.2d 97, 99 (1978). In addition to establishing that the plea is voluntarily and understandingly entered, the trial court must, before accepting it, "personally determine that the conduct which the defendant admits constitutes the offense . . . to which the defendant has pleaded guilty." *Broadie v. State*, 68 Wis. 2d 420, 423, 228 N.W.2d 687, 689 (1975). And the "failure of the trial court to establish a factual basis showing that the conduct which the defendant admits constitutes the offense . . . to which the defendant pleads, is evidence that a manifest injustice has occurred," warranting withdrawal of the plea. *White*, 85 Wis. 2d at 488, 271 N.W.2d at 98.

Where the trial court has determined that there was a sufficient factual basis for acceptance of a plea, we will not upset that determination unless it is "clearly erroneous." *State v. Mendez*, 157 Wis. 2d 289, 295, 459 N.W.2d 578, 580-81 (Ct. App. 1990). "And the defendant has the burden of showing, by clear and convincing evidence, that 'the withdrawal of the plea is necessary to correct a manifest injustice.'" *State v. Spears*, 147 Wis. 2d 429, 434, 433 N.W.2d 595, 598 (Ct. App. 1988) (quoting *State v. Johnson*, 105 Wis. 2d 657, 666, 314 N.W.2d 897, 902 (Ct. App. 1981)). We hold that a manifest injustice has occurred in this case.

In *White*, the defendant was charged with theft of a chain saw valued at $150. At that time, the demarca-

tion between misdemeanor and felony theft was $100: if the property's value did not exceed $100, the offense was a misdemeanor; if over that amount, it was a felony. The trial court accepted the defendant's guilty plea to the felony charge, even though there was no stipulation or testimony as to the chain saw's value. The trial court acknowledged the lack of testimony, but nevertheless found that a factual basis existed based on the lack of any objection by the defendant or his counsel to the statement in the complaint and information that the value was $150. *White*, 85 Wis. 2d at 490, 271 N.W.2d at 99.

The supreme court reversed, holding that, while "[v]alue is not an element of the crime charged," it must be determined in order to arrive at an appropriate penalty: "[I]t does determine whether the offense is a misdemeanor or a felony and also the severity of the punishment imposed . . . ." *White*, 85 Wis. 2d at 492-93, 271 N.W.2d at 100. Concluding that the defendant's mere failure to object to the value reference in the complaint did not provide a sufficient basis for a determination that a factual basis for the plea existed, the supreme court held that a "manifest injustice" had occurred and remanded the case for sentencing as a misdemeanor. *Id.*

■

The State argues that *White* is inapplicable here because the defendant in that case was charged with felony theft from the outset, whereas in this case, Harrington was originally charged with the more serious offense of burglary, which charge was subsequently reduced to theft. We fail to see the distinction. It is true, as the State suggests, that the complaint, drafted as it was to support a charge of burglary, sets forth facts sufficient to establish the existence of a factual basis

for a plea to that charge. But that was not the charge to which Harrington pled—or for which he was convicted and sentenced. The State offers no authority for its proposition that, simply because the complaint provides a factual basis for a plea to a more serious offense, it also, as a matter of law, supports a plea to a lesser charge, even though it does not address an element crucial to the permissible penalty for that charge. We reject the argument.

Finally, the State contends that Harrington is bound by his stipulation that the facts in the complaint state a factual basis for the felony charge in the absence of fraud or mistake. But, as we have noted, the facts stated in the complaint nowhere refer to the value of the property alleged to have been taken. Thus, the effect of Harrington's stipulation was that sufficient facts existed to support a conclusion that he took the property, but those facts do not supply any information as to its value. Thus, the situation is similar to that in *White*, where the charging portion of the complaint and information referred to the property's value, but that value was not reflected in the other information before the court at the time the plea was accepted. And on those facts, as we have noted, the supreme court held that the felony plea was improperly accepted.

We reach a similar result here. Because there is nothing in the complaint or in the record of the plea hearing to support a finding that the value of the stolen property exceeded $1,000, that finding is clearly erroneous. And, as the supreme court held in *White*, the absence of information or evidence of the value of the property taken renders it manifestly unjust to convict and sentence a defendant on a charge whose severity—and thus the severity of the sentence—is

dependent upon that value. As a result, Harrington's felony sentence must be set aside and the cause remanded for resentencing as a misdemeanor under § 943.20(3)(a), STATS.[1]

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings consistent with this opinion.

[1] We do so based on the supreme court's decision in *White*, where the court, while invalidating the plea on the "manifest injustice" grounds applicable to motions for plea withdrawal, did not direct that the plea be withdrawn, but rather remanded with directions to resentence the defendant under the misdemeanor theft statute. *White v. State*, 85 Wis. 2d 485, 493, 271 N.W.2d 97, 100 (1978).