State of Wisconsin, Plaintiff-Respondent,
v.
Richard T. Wittrock, Defendant-Appellant.
No. 2004AP1009.
Court of Appeals of Wisconsin.
Opinion Filed: April 13, 2005.
Before Anderson, P.J., Brown and Nettesheim, JJ.
¶1 PER CURIAM.
Richard T. Wittrock appeals pro se from a circuit court order denying his Wis. Stat. § 974.06 (2003-04) motion to withdraw his no contest plea without an evidentiary hearing. Because the circuit court did not erroneously exercise its discretion in denying the motion without a hearing, we affirm.
¶2 In March 1995, Wittrock entered no contest pleas to burglary contrary to Wis. Stat. § 943.10(1)(a) (1993-94) and operating an automobile without the owner's consent contrary to Wis. Stat. § 943.23(2) (1993-94). In March 2004, Wittrock filed a pro se Wis. Stat. § 974.06 motion to withdraw his no contest plea to the burglary charge claiming that the State failed to fully disclose discovery materials to his trial counsel, trial counsel was ineffective for failing to review the complaint and police reports to determine that the State had withheld discovery materials, and his no contest plea was involuntary as a result of trial counsel's errors.
¶3 Without holding an evidentiary hearing on the motion, the circuit court determined that Wittrock voluntarily entered his no contest plea and that the plea withdrawal motion did not allege sufficient facts to warrant a hearing. Wittrock appeals.
¶4 The circuit court has the discretion to deny a postconviction motion without a hearing if the motion is legally insufficient. State v. Allen, 2004 WI 106, ¶12, 274 Wis. 2d 568, 682 N.W.2d 433.
The circuit court may deny a postconviction motion for a hearing if all the facts alleged in the motion, assuming them to be true, do not entitle the movant to relief; if one or more key factual allegations in the motion are conclusory; or if the record conclusively demonstrates that the movant is not entitled to relief.
Id. (footnote omitted). A postconviction motion seeking such relief must assert material facts in support of the grounds for the motion, not conclusory allegations. Id., ¶29.
¶5 Wittrock's motion interweaves claims of ineffective assistance of counsel and the State's failure to disclose evidence. Specifically, Wittrock alleges that the State did not disclose that it possessed a crime scene fingerprint and crime scene photographs of a shoe print and a window frame. The motion further alleges that his trial counsel "was not provided a full disclosure of all the material that the state had in their possession after a request thereof ...." Trial counsel filed a discovery demand two days before the plea hearing, and several years after sentencing, trial counsel informed Wittrock that she did not receive all of the evidence in the case from the State. Wittrock also alleges that trial counsel was ineffective for not reviewing the police reports and the allegations in the complaint against materials provided in response to her discovery request and that the fingerprint and photographs fell within counsel's discovery demand. Wittrock claims that the evidence would have assisted him in preparing a defense to the burglary charge and may have exonerated him.
¶6 The allegations relating to the State's failure to disclose evidence are insufficient to warrant an evidentiary hearing. Wittrock's motion does not explain the significance of the photographs, describe what is depicted in them, or discuss the significance of the fingerprint. The motion must assert material facts in support of the grounds for the motion, not conclusory allegations. See id.
¶7 The ineffective assistance claim also does not allege material facts warranting a hearing. The motion does not offer any facts relating to trial counsel's conduct beyond the conclusory allegations that trial counsel was ineffective for not reviewing the police reports and the complaint against materials provided in response to her discovery request.
¶8 To bring an ineffective assistance claim, Wittrock must allege that counsel performed deficiently and that he was prejudiced by counsel's deficient performance. State v. Kimbrough, 2001 WI App 138, ¶26, 246 Wis. 2d 648, 630 N.W.2d 752. To satisfy the prejudice prong in the context of a plea, Wittrock must allege facts to show "that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Bentley, 201 Wis. 2d 303, 312, 548 N.W.2d 50 (1996) (citation omitted). The factors to be considered in evaluating the reasonable probability include:
(1) the relative strength and weakness of the State's case and the defendant's case; (2) the persuasiveness of the withheld evidence; (3) the reasons, if any, expressed by the defendant for choosing to plead guilty; (4) the benefits obtained by the defendant in exchange for the plea; and (5) the thoroughness of the plea colloquy.
State v. Harris, 2003 WI App 144, ¶14, 266 Wis. 2d 200, 667 N.W.2d 813 (citation omitted), aff'd, 2004 WI 64, 272 Wis. 2d 80, 680 N.W.2d 737.
¶9 We examine the Harris factors. The State's burglary case, as laid out in the amended criminal complaint, was strong. The victim of the burglary stated that he heard noise in his home, yelled "who's there," and then heard the back door slam. Looking out the front window, he saw a man get into a blue Citation, which turned out to be a stolen vehicle. A police officer followed the Citation; the man (Wittrock) fled the vehicle and was apprehended after a chase. The victim later identified Wittrock. Muddy footprints in the burgled house matched the pattern on the shoes worn by Wittrock when he was apprehended.
¶10 In light of this evidence, the photographs of the window frame and the shoe print and the fingerprint were immaterial to Wittrock's guilt. The State's amended complaint did not rely upon any information relating to the burglar's mode of entry. And, more importantly for purposes of our review, Wittrock's motion does not explain the significance of the photographs or the fingerprint evidence or why this evidence would have caused him to go to trial. These Harris factors do not favor Wittrock.
¶11 Wittrock benefited greatly by entering a plea. As part of the plea agreement, the State agreed to delete the allegation that Wittrock was a repeat offender, which would have increased his exposure at sentencing. By entering a plea, Wittrock avoided another burglary charge. Finally, as part of the plea agreement, the State agreed to recommend the sentence set forth in the presentence investigation report. This Harris factor does not favor Wittrock.
¶12 Turning to another Harris factor, the thoroughness of the plea colloquy, we conclude that the plea colloquy was sufficient, in and of itself, to render Wittrock's pleas knowing, voluntary and intelligent, State v. Bangert, 131 Wis. 2d 246, 260, 389 N.W.2d 12 (1986), and to demonstrate that they had a factual basis, State v. Harrington, 181 Wis. 2d 985, 989, 512 N.W.2d 261 (Ct. App. 1994). Having so held, we reject Wittrock's claim that he did not understand the nature of the charges and the consequences of his pleas. Although Wittrock concedes that the circuit court judge "was scrupulous in his determination that petitioner understood the charges against him and the consequences of entering guilty pleas before he accepted the pleas," he cites the transcript of the plea hearing to support his contention that he was not competent to enter his pleas, was not sufficiently aware of the proceedings and that "other factors" operated to influence the entry of his pleas. But, Wittrock's motion does not elaborate on these claims or offer any material facts in support of these claims.
¶13 Applying the Harris factors relating to prejudice and the Allen standards for an evidentiary hearing, we conclude that Wittrock's plea withdrawal motion did not make sufficient allegations to warrant an evidentiary hearing. The circuit court did not misuse its discretion in denying the motion without one.
By the Court.  Order affirmed.