COURT OF APPEALS
DECISION
DATED AND FILED

January 23, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2110-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2016CF326

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

MATTHEW L. LA BREC,

  DEFENDANT-APPELLANT.

APPEAL from a judgment and orders of the circuit court for Chippewa County: STEVEN R. CRAY and BENJAMIN J. LANE, Judges. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Matthew La Brec, pro se, appeals a judgment convicting him of possession of a firearm by a felon and armed robbery with the use of force.  He also appeals portions of orders denying his motions for postconviction relief.[1]  La Brec argues that he is entitled to withdraw his guilty plea to armed robbery with the use of force because the criminal complaint the circuit court relied upon in taking his plea did not establish a factual basis for that plea.  He also argues that his trial counsel was constitutionally ineffective by failing to inform him that the court was required to establish a factual basis to support his guilty plea.  If he is entitled to withdraw his plea, La Brec requests that he be allowed to modify his plea to second-degree reckless homicide, as a party to a crime, or attempted armed robbery.  Finally, La Brec argues that he is entitled to sentence modification because he and his co-defendant, Jesse Lloyd, received similar sentences with respect to initial confinement, despite Lloyd's greater culpability.  We reject La Brec's arguments and affirm.

## BACKGROUND

¶2     According to the criminal complaint, on March 14, 2016, La Brec and Lloyd picked up Kyle and drove to a house near Lake Wissota.[2]  Kyle believed La Brec and Lloyd were intending to sell narcotics to him.  La Brec and Lloyd, however, planned to rob Kyle in retribution for Kyle having "ripped off"

---

[1] The Honorable Steven R. Cray entered the judgment of conviction and the order denying La Brec's first postconviction motion.  The Honorable Benjamin J. Lane entered the order denying La Brec's second postconviction motion.

[2] Although not required by WIS. STAT. RULE 809.86 (2021-22), we refer to the homicide victim in this case using a pseudonym to protect his family's privacy.  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

La Brec in the past and because they needed money. La Brec was armed with a sawed-off .22 caliber rifle, and Lloyd was armed with a handgun.

¶3    As Lloyd, La Brec and Kyle stood near the deck of the house, Lloyd suddenly shot Kyle in the leg. At the same time, La Brec pulled out his rifle, pointed it at Kyle, and pulled the trigger, but the rifle did not fire. Kyle ran away. La Brec and Lloyd chased Kyle, but La Brec eventually stopped to look for a piece of his rifle that had fallen off during the chase. When La Brec and Lloyd could not find Kyle, they left the area. Kyle eventually bled out and died as a result of the gunshot wound.

¶4    The State charged La Brec with first-degree intentional homicide as a party to a crime and possession of a firearm by a felon. The State later filed an Information with the additional charge of armed robbery with the use of force. On the same day that the State filed the Information, La Brec and the State reached a plea deal. La Brec filed a plea questionnaire/waiver of rights form, with a plea agreement attached to the form. In the plea agreement, La Brec agreed to enter guilty pleas to possession of a firearm by a felon and armed robbery with the use of force. La Brec also agreed to cooperate in the prosecution of Lloyd and other individuals involved in Kyle's death. In exchange, the State agreed to dismiss and read in the first-degree intentional homicide charge and to cap its sentencing recommendation at the recommendation contained in the presentence investigation report (PSI).

¶5    At the plea hearing, La Brec confirmed that he understood the maximum penalties for each charge and that he had read and understood the plea questionnaire. He also confirmed that he understood the rights he gave up by entering guilty pleas and that he understood the elements the State would have

needed to prove for each charge to which he was pleading guilty. The circuit court informed La Brec of the elements of armed robbery with the use of force including the element that La Brec was "involved in the taking and carrying away of property from a person or the presence of the owner of the property." La Brec's attorney confirmed that the probable cause section of the criminal complaint provided the factual basis to support La Brec's pleas. The court accepted La Brec's guilty pleas and found that he had entered them knowingly, voluntarily and intelligently.

¶6      The circuit court later sentenced La Brec. For the armed robbery with the use of force count, the court imposed a twenty-six-year sentence consisting of twenty years of initial confinement followed by six years of extended supervision. For the possession of a firearm by a felon count, the court imposed a concurrent six-year sentence consisting of three years of initial confinement followed by three years of extended supervision.

¶7      After sentencing, La Brec filed his first postconviction motion seeking to withdraw his pleas. La Brec alleged that he received ineffective assistance of counsel because his trial counsel failed to explain to him that only the State was bound by the PSI recommendation and that the circuit court could impose a longer sentence than those recommended by either the State or the PSIs.[3] La Brec also alleged that his trial counsel failed to raise "competency [and] NGI defense issues." After an evidentiary hearing, the court denied La Brec's motion, but it allowed La Brec to file a supplemental motion on an issue that postconviction counsel identified during the hearing. Specifically, the issue was

---

[3] La Brec had an alternative PSI completed.

whether there was sufficient evidence to support a factual basis for La Brec's guilty plea to armed robbery with the use of force.

¶8    La Brec then filed a supplemental postconviction motion arguing that under *State v. Harrell*, 182 Wis. 2d 408, 513 N.W.2d 676 (Ct. App. 1994), the criminal complaint did not provide a factual basis for his plea to armed robbery with the use of force because that crime and first-degree intentional homicide are not reasonably related offenses. The State responded that the criminal complaint established a factual basis for felony murder, which is reasonably related to, and more serious than, armed robbery with the use of force. Therefore, the State argued, the *Harrell* rule was satisfied.

¶9    The circuit court agreed with the State. It concluded that the probable cause section of the criminal complaint established a factual basis for the greater, more serious offense of felony murder, which is reasonably related to armed robbery with the use of force. Thus, the court concluded that La Brec's plea was valid under *Harrell*, and it denied his supplemental postconviction motion.

¶10   La Brec initially appealed the circuit court's denial of his supplemental postconviction motion, but his postconviction counsel then moved to withdraw. We granted the motion to withdraw, dismissed the pending appeal, and extended the time for La Brec to file another postconviction motion. La Brec, proceeding pro se, then filed a second postconviction motion. In that motion, La Brec alleged that: (1) no factual basis existed to support his guilty plea to armed robbery with the use of force; (2) the court relied on inaccurate information at sentencing; (3) his trial counsel was ineffective because he did not inform La Brec that the court was required to establish a factual basis to support his guilty

plea to the armed robbery charge before accepting his plea, failed to investigate La Brec's mental health history, failed to raise an involuntary intoxication defense, and failed to contest inaccurate information at sentencing; (4) his sentences were too similar to Lloyd's, with respect to the initial confinement portion, even though La Brec cooperated with law enforcement and entered a guilty plea while Lloyd did not; and (5) new factors supported sentence modification. La Brec requested a hearing and proposed that a different charge, such as attempted armed robbery or second-degree reckless homicide, "be chosen to replace [his] plea to Armed Robbery with Use of Force, that balances the interest of both sides."

¶11 The circuit court denied La Brec's motion without an evidentiary hearing. In particular, it reaffirmed its earlier decision that there was a valid factual basis for La Brec to plead to the lesser offense of armed robbery with the use of force, and, therefore, his trial counsel was not ineffective. The court also rejected La Brec's challenge to his sentence on the basis that Lloyd was more culpable because La Brec failed to demonstrate "any requirement for the court to sentence him differently than his co-defendant." La Brec now appeals. Additional facts will be provided as necessary below.

## DISCUSSION

¶12 On appeal, La Brec does not renew all of the claims from his second postconviction motion. La Brec renews only his claims regarding the factual basis for his plea, ineffective assistance of counsel based on trial counsel's failure to inform him that the circuit court was required to establish a factual basis to support his plea, the "improper" similarities between his and Lloyd's sentences, and the appropriate remedy if he is entitled to withdraw his guilty plea. La Brec also does not renew any of his ineffective assistance of counsel claims raised in his first

postconviction motion. We therefore deem all unraised claims abandoned. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the [circuit] court, but not raised on appeal, is deemed abandoned.").

## I. Plea withdrawal based on the lack of a factual basis for the pled-to crime

¶13     A defendant is entitled to withdraw a plea after sentencing "only upon a showing of 'manifest injustice' by clear and convincing evidence." *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996) (citation omitted). A manifest injustice occurs when the "circuit court fails to establish a factual basis that the defendant admits constitutes the offense pleaded to." *State v. Thomas*, 2000 WI 13, ¶17, 232 Wis. 2d 714, 605 N.W.2d 836. Because the factual basis for La Brec's plea "derives solely from a document in the record," whether that factual basis supports his plea is a question of law that we review de novo. *See State v. Peralta*, 2011 WI App 81, ¶16, 334 Wis. 2d 159, 800 N.W.2d 512.

¶14     Before a circuit court accepts a guilty plea, it must be satisfied "that the defendant in fact committed the crime charged." WIS. STAT. § 971.08(1)(b). In other words, the court must establish "a sufficient factual basis that the defendant committed the crime to which he or she is pleading." *State v. Smith*, 202 Wis. 2d 21, 26, 549 N.W.2d 232 (1996). This requirement protects "a defendant who pleads voluntarily and who understands the charges brought, but does not realize that his or her conduct does not actually fall within the statutory definition of the crime." *Harrell*, 182 Wis. 2d at 418. The court must therefore "examine the facts and be satisfied that the facts, if proven, would constitute the crime charged and that the defendant's conduct does not amount to a defense." *Id.*

7

¶15    When a defendant enters a guilty or no-contest plea pursuant to a plea agreement, however, the circuit court "is not required to go to the same length to determine whether the facts would support the charge as it would if there were no plea bargain." *Id.* at 419.  This rule "reflects the reality that often in the context of a plea bargain, a plea is offered to a crime that does not closely match the conduct that the factual basis establishes." *Id.*  Accordingly, when a defendant enters a plea pursuant to a plea agreement, the factual basis requirement in WIS. STAT. § 971.08(1)(b) is satisfied when "a factual basis is shown for either the offense to which the plea is offered or to a more serious charge reasonably related to the offense to which the plea is offered." *Harrell*, 182 Wis. 2d at 419.  This principle applies "even when a true greater- and lesser-included offense relationship does not exist." *Id.*

¶16    Here, La Brec argues that armed robbery with the use of force is not reasonably related to his originally charged offense of first-degree intentional homicide and that *Harrell* requires that the reasonably related offense be the offense charged in the criminal complaint.  La Brec misreads *Harrell*, which does not require that the reasonably related offense be the offense originally charged in the criminal complaint.  In *Harrell*, we concluded that the offense to which the defendant pled (third-degree sexual assault) was reasonably related to the more serious offense with which the defendant was originally charged (first-degree sexual assault of a child).  *See id.*  We never stated, however, that the reasonably related charge must be the offense originally charged.  Thus, whether armed robbery with the use of force and first-degree intentional homicide are reasonably related is irrelevant because the reasonably related offense is not limited to the one originally charged in the criminal complaint.

¶17    La Brec further argues that *Harrell* conflicts with an earlier case, *State v. Harrington*, 181 Wis. 2d 985, 512 N.W.2d 261 (Ct. App. 1994), and that our supreme court overruled *Harrell* in *State v. Johnson*, 207 Wis. 2d 239, 558 N.W.2d 375 (1997), by applying *Harrington*. We disagree that *Harrell* has been overruled. First, while *Johnson* does cite *Harrington*, it merely does so in approval of the appellate court's proposition that by showing there is no factual basis for a plea, a defendant establishes a manifest injustice by clear and convincing evidence. *Johnson*, 207 Wis. 2d at 248. *Johnson* does not cite *Harrington* for La Brec's contention that the reasonably related charge providing the basis for a plea must be the originally charged offense.

¶18    Second, *Harrington* did not reach the "reasonably related" analysis addressed in *Harrell*. Although in *Harrington* we rejected an argument that "because the complaint provides a factual basis for a plea to a more serious offense, it also, as a matter of law, supports a plea to a lesser charge," *Harrington*, 181 Wis. 2d at 990-91, there was no argument that the offense to which Harrington pled was not reasonably related to a more serious offense. Nor did we engage in an analysis of whether those offenses were reasonably related, which we later addressed in *Harrell*. Thus, *Harrington* and *Harrell* are not necessarily inconsistent.

¶19    Finally, subsequent cases have cited *Harrell* without questioning its validity. *See Smith*, 202 Wis. 2d at 24; *State v. West*, 214 Wis. 2d 468, 480, 571 N.W.2d 196 (Ct. App. 1997). Thus, *Harrell* remains good law and applies in this case. We now turn to whether the allegations in the criminal complaint provide a factual basis to support La Brec's plea to armed robbery with the use of force.

¶20    The State acknowledges that the criminal complaint does not allege that La Brec or Lloyd took property from Kyle,[4] but it argues that the allegations in the complaint provide a factual basis for the more serious offense of felony murder.  The elements of felony murder are: (1) the defendant attempted to commit a crime specified in WIS. STAT. § 940.03, here armed robbery with the use of force,[5] and (2) the defendant's attempt to commit that crime caused the death of another human being.  Sec. 940.03; *see also* WIS JI—CRIMINAL 1031 (2022).

¶21    Here, the factual allegations in the criminal complaint clearly satisfy the elements of felony murder.  Lloyd and La Brec planned to rob Kyle.  They picked him up and brought him to a secluded area, and they were armed.  Both Lloyd and La Brec pointed their weapons at Kyle.  Lloyd then shot Kyle.  La Brec also attempted to shoot Kyle by pulling the trigger on his weapon, but it did not fire.  Kyle ran and later died as a result of the gunshot wound.  In short, these facts show that La Brec attempted to commit armed robbery with the use of force and that Kyle died as a result of that attempt.  Thus, the factual allegations in the criminal complaint satisfy the elements of the offense of felony murder.

¶22    Felony murder is a more serious offense and reasonably related to armed robbery with the use of force.  Here, armed robbery with the use of force is

---

[4] The elements of armed robbery with the use of force are:  (1) the defendant took and carried away property "from the person or presence of the owner"; (2) the defendant took the property with intent to steal; (3) the defendant acted forcibly; and (4) the defendant used or threatened to use a dangerous weapon.  *See* WIS. STAT. § 943.32(1)(a), (2); *see also* WIS JI—CRIMINAL 1480 (2016).

[5] An attempt to commit a crime requires that the defendant, with an intent to commit the crime, "does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that the [defendant] formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor."  WIS. STAT. § 939.32(3); *see also* WIS JI—CRIMINAL 1031 (2022).

the underlying felony required for felony murder, and it is therefore a lesser-included offense of felony murder.[6] *See State v. Krawczyk*, 2003 WI App 6, ¶26, 259 Wis. 2d 843, 657 N.W.2d 77 (2002) (stating that the underlying felony in felony murder is a lesser-included offense of felony murder). Felony murder is also a more serious offense, given that the maximum sentence for felony murder is greater than the maximum sentence for armed robbery with the use of force. *See* WIS. STAT. § 940.03 (providing that a person convicted of felony murder "may be imprisoned for not more than 15 years in excess of the maximum term of imprisonment provided by law for" the underlying crime).

¶23   Because felony murder is a more serious offense that is reasonably related to armed robbery with the use of force, and because the criminal complaint provides a factual basis for felony murder, La Brec's plea to the armed robbery charge satisfies the factual basis requirement in WIS. STAT. § 971.08(1)(b). Because the factual basis requirement is satisfied, La Brec has failed to show a manifest injustice occurred, and he is therefore not entitled to withdraw his plea on that basis.[7]

---

[6] "[A]n offense is a 'lesser included' one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the 'greater' offense." *State v. Carrington*, 134 Wis. 2d 260, 265, 397 N.W.2d 484 (1986) (alteration in original; citation omitted); *see also State v. Smits*, 2001 WI App 45, ¶7, 241 Wis. 2d 374, 626 N.W.2d 42 ("Under the *Blockburger* [*v. United States*, 284 U.S. 299 (1932),] elements only test, the 'lesser offense must be statutorily included in the greater offense and contain no element in addition to the elements constituting the greater offense.'" (citation omitted)). Because felony murder requires proof of all the elements of armed robbery with the use of force—and the additional element that the attempt to commit the crime caused the death of another human being—and because armed robbery with the use of force does not require proof of any additional fact or element needed to prove felony murder, it is a lesser-included offense of felony murder. *See* WIS. STAT. §§ 940.03, 943.32(1), (2).

[7] Because La Brec is not entitled to plea withdrawal on the grounds that there was no factual basis for his plea, we do not reach his arguments regarding the appropriate remedy.

**II. Plea withdrawal based on ineffective assistance of counsel**

¶24    A manifest injustice also occurs when the defendant is "denied the effective assistance of counsel." *Bentley*, 201 Wis. 2d at 311.    Whether a defendant was denied the effective assistance of counsel in a constitutional sense "is a mixed question of law and fact." *State v. Breitzman*, 2017 WI 100, ¶37, 378 Wis. 2d 431, 904 N.W.2d 93.    "The factual circumstances of the case and trial counsel's conduct and strategy are findings of fact, which will not be overturned unless clearly erroneous." *Id.*    Whether trial counsel's performance was deficient and whether that deficient performance prejudiced the defendant are questions of law we review de novo. *Id.*, ¶¶38-39.

¶25    To demonstrate ineffective assistance of counsel, the defendant must show both that "counsel's performance was deficient" and that counsel's deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).    If a defendant fails to make a showing on one prong, we need not address the other prong. *Id.* at 697.    To demonstrate deficient performance, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.    To demonstrate prejudice, the defendant must show that "but for his [or her counsel's] deficient performance, there is a reasonable probability the outcome would have been different." *State v. Sholar*, 2018 WI 53, ¶45, 381 Wis. 2d 560, 912 N.W.2d 89.    A reasonable probability means "a probability sufficient to undermine confidence in the outcome." *Id.*, ¶33 (quoting *Strickland*, 466 U.S. at 694).

¶26    La Brec argues that his trial counsel did not inform him that the circuit court was required to find a factual basis to support his plea to armed robbery with the use of force.    Regardless of whether counsel was required to

12

inform La Brec that his plea must be supported by a factual basis, La Brec's argument is grounded solely on the notion that his plea was not supported by a factual basis. Because we conclude the criminal complaint establishes a factual basis for La Brec's plea, La Brec's counsel cannot have performed deficiently by failing to inform La Brec of the factual basis requirement, as there was no basis for La Brec to claim any error related to that requirement. As "counsel is strongly presumed to have rendered adequate assistance," *Strickland*, 466 U.S. at 690, counsel is presumed to have researched the factual basis for the offenses La Brec was charged with and understood *Harrell*'s application. Thus, counsel was not deficient.

¶27    As a result, La Brec cannot demonstrate he received ineffective assistance of counsel and has failed to establish a manifest injustice occurred. Therefore, he is not entitled to plea withdrawal on this basis.

## III.  Similarity between La Brec's and Lloyd's sentences

¶28    La Brec also argues that he and his co-defendant, Lloyd, received insufficiently disparate sentences given the facts of their individual cases, which he further contends show "a fundamental unfairness." We understand La Brec to argue that his sentence, with respect to the initial confinement portion, is too similar to Lloyd's sentence, given the two actors' relative culpability and other factors, and therefore violates equal protection and warrants sentence modification. To the extent La Brec seeks a sentence modification on this basis, "[w]e review a motion for sentence modification by determining whether the sentencing court erroneously exercised its discretion in sentencing the defendant." *See State v. Noll*, 2002 WI App 273, ¶4, 258 Wis. 2d 573, 653 N.W.2d 895. Whether a defendant's sentence relative to a co-actor's sentence violates equal

protection is a question of law we review independently. *See State ex rel. Schatz v. McCaughtry*, 2003 WI 80, ¶11, 263 Wis. 2d 83, 664 N.W.2d 596.

¶29    Equal protection requires "substantially the same sentence for substantially the same case histories." *Ocanas v. State*, 70 Wis. 2d 179, 186, 233 N.W.2d 457 (1975). "[T]he exercise of discretion dictates that different judges will have different opinions as to what should be the proper sentence in a particular case." *Id.* at 187-88. Thus, a judge who imposes a sentence "in one case cannot be bound by the determination made by a judge in another case." *Id.* at 188. A disparity—or similarity, in this case—in sentences for persons convicted of the same crime is therefore proper as long as the individual sentences are based upon each defendant's "individual culpability and need for rehabilitation." *See id.* at 186.

¶30    La Brec received an aggregate sentence of twenty-six years consisting of twenty years of initial confinement followed by six years of extended supervision. Lloyd received an aggregate sentence of thirty-five years consisting of twenty years of initial confinement followed by fifteen years of extended supervision. La Brec argues that the differences in these sentences fail to account for his lesser culpability insomuch as he assisted law enforcement, took a plea instead of going to trial, and cooperated with the State in prosecuting Lloyd, while Lloyd did not do any of these things, and, further, Lloyd was the one who actually shot Kyle. Despite what he perceives as his lesser culpability, La Brec emphasizes that he and Lloyd received the same amount of initial confinement time. La Brec asserts that this similarity in the two sentences "show[s] a fundamental unfairness."

14

¶31    Here, the circuit court individually crafted La Brec's sentence based on appropriate factors, including La Brec's individual culpability and need for rehabilitation.  The court considered La Brec's involvement in his and Lloyd's plan to rob Kyle as well as La Brec's history with Kyle.  It also considered La Brec's involvement in the attempted robbery, including that La Brec attempted to shoot Kyle, but his rifle did not fire when he pulled the trigger, and that La Brec left Kyle to die.  The court further considered La Brec's cooperation with law enforcement and noted it was a "significant factor" in its sentence.  La Brec's need for rehabilitation was also a "definite factor" in the court's sentence.  Finally, the court considered the gravity of the offense, the need to protect the public, and La Brec's rehabilitative needs.  *See State v. Gallion*, 2004 WI 42, ¶¶40-44, 270 Wis. 2d 535, 678 N.W.2d 197.

¶32    La Brec simply disagrees with the weight the circuit court placed on his cooperation with law enforcement and his decision to enter a plea rather than going to trial, but his disagreement does not mean the court erroneously exercised its discretion or violated La Brec's equal protection rights.  On the contrary, the court imposed an appropriate sentence by considering, among other things, La Brec's individual involvement in the attempted robbery that ultimately led to Kyle's death, La Brec's cooperation with law enforcement, and La Brec's rehabilitation needs.  Thus, there is no equal protection violation and, to the extent La Brec seeks it, no basis for sentence modification.

        *By the Court.*—Judgment and orders affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.