**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**May 28, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2024AP233-CR**
**2024AP234-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2021CF32
2020CF2731

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

GEORGE MAURICE REEL,

DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Milwaukee County: DAVID L. BOROWSKI and DAVID C. SWANSON, Judges. *Affirmed*.

Before White, C.J., Geenen, and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. George Maurice Reel appeals from judgments entered following guilty pleas to fleeing or eluding an officer, homicide by intoxicated use of a vehicle with a restricted controlled substance, and second-degree recklessly endangering safety. Reel also appeals from an order of the circuit court denying Reel's postconviction motion for plea withdrawal.[1] Upon review, we affirm.

## BACKGROUND

¶2 The State charged Reel on August 10, 2020, with fleeing or eluding an officer and second-degree recklessly endangering safety in Milwaukee County Circuit Court Case No. 2020CF2731. The charges arose from an incident where police observed a vehicle traveling approximately 60 miles per hour on a city street with a posted speed limit of 35 miles per hour. The driver refused to pull over, and when police caught up with the vehicle, the driver fled on foot. The driver, later identified as Reel, was taken into custody after a brief foot chase.

¶3 The State subsequently charged Reel on January 5, 2021, with several additional offenses, including second-degree reckless homicide, in Milwaukee County Circuit Court Case No. 2021CF32. The charges arose from allegations that Reel drove a vehicle at 60 to 80 miles per hour on a city street with a posted speed limit of 30 miles per hour, ran a red light, and caused an accident that left a pedestrian dead and multiple people injured, including a two-year-old child passenger who was in the backseat of Reel's vehicle without a child safety

---

[1] The Honorable David L. Borowski entered the judgments of conviction, and the Honorable David C. Swanson entered the order denying Reel's postconviction motion for plea withdrawal. For ease of reference, we refer to each as the circuit court.

seat. Following the accident, police officers spoke with Reel at the hospital where Reel's passengers had been transported for treatment of their injuries. Reel admitted to the officers that he had smoked marijuana earlier that day, and police recovered marijuana from Reel's person.

¶4 The criminal complaint further alleged that Reel was out on bail for Case No. 2020CF2731 with conditions that included "absolutely no driving" and do not commit any new crimes. The criminal complaint also indicated that Reel's license was revoked for five years beginning in 2020 as a result of a prior incident. Thus, at the time of the incidents underlying both Case No. 2020CF2731 and Case No. 2021CF32, Reel's license was revoked. Reel admitted to police officers when he spoke to them at the hospital that he was aware of the status of his license, as well as his conditions of bail imposed in Case No. 2020CF2731.

¶5 On November 1, 2021, Reel pled guilty to the charge of fleeing or eluding an officer in Case No. 2020CF2731 and two amended charges of homicide by intoxicated use of a vehicle with a restricted controlled substance and second-degree recklessly endangering safety in Case No. 2021CF32. Pursuant to the plea agreement with the State, the State moved to dismiss and read in the remaining charges. The circuit court conducted a plea colloquy with Reel and accepted Reel's pleas. As it related to the factual basis for the pleas, the parties stipulated to the facts as stated in the criminal complaint, and the circuit court found a factual basis "based on the stipulation, based on my reading of the complaint, [and] based on what's been indicated in court by counsel and the defendant."

¶6 The circuit court subsequently sentenced Reel to a total of 35 years of imprisonment composed of 20 years of initial confinement followed by 15 years of extended supervision.

¶7     On August 1, 2023, Reel filed a motion for plea withdrawal. Specifically, Reel argued that the circuit court failed to establish a factual basis to support the amount of THC in his blood for his plea to the charge of homicide by intoxicated use of a vehicle with a restricted controlled substance. In responding to Reel's motion, the State provided a lab report referenced at the plea hearing. The lab report stated that Reel's blood sample was positive for cannabinoids, and it further stated that Reel's blood contained "Delta-9-tetrahydrocannabinol (THC)" in the amount of 4.4 ug/L and "Carboxy-THC" in the amount of 42 ug/L.

¶8     The circuit court found that "the entirety of the record" and the "totality of the circumstances" demonstrated that a factual basis existed and denied Reel's motion. Reel now appeals. Additional relevant facts will be noted below as necessary.

## DISCUSSION

¶9     On appeal, Reel renews his argument that he is entitled to withdraw his pleas because the circuit court failed to establish a factual basis for his plea to homicide by intoxicated use of a vehicle with a restricted controlled substance. We disagree, and we conclude that, in reviewing the record in its entirety, the totality of the circumstances demonstrate a factual basis for Reel's plea to the charge. Therefore, we further conclude that Reel is not entitled to plea withdrawal

and the circuit court did not erroneously exercise its discretion when it denied Reel's motion.[2]

¶10     A defendant who seeks plea withdrawal after sentencing must show, by clear and convincing evidence, "that allowing the withdrawal of the plea 'is necessary to correct a manifest injustice.'" *State v. Nash*, 2020 WI 85, ¶32, 394 Wis. 2d 238, 951 N.W.2d 404 (citation omitted). "[O]ne type of manifest injustice is the failure of the [circuit] court to establish a sufficient factual basis that the defendant committed the offense to which he or she pleads." *State v. Smith*, 202 Wis. 2d 21, 25, 549 N.W.2d 232 (1996). "The determination of the existence of a sufficient factual basis lies within the discretion of the [circuit] court and will not be overturned unless it is clearly erroneous." *Id.* We also review the circuit court's denial of a postconviction motion for plea withdrawal for an erroneous exercise of discretion. *State v. Cain*, 2012 WI 68, ¶20, 342 Wis. 2d 1, 816 N.W.2d 177.

¶11     Returning to Reel's argument, Reel argues more specifically that the allegations in the criminal complaint to which he stipulated failed to establish a factual basis for his plea when it merely made reference to "a detectable amount of

---

[2] As noted, Reel moved for withdrawal of all of his pleas. However, because his claim for withdrawal of his other pleas is derivative of his argument for withdrawal of his plea to homicide by intoxicated use of a vehicle with a restricted controlled substance, we conclude that his argument for withdrawal of his other pleas fails, and we do not address his additional argument for withdrawal of his other pleas any further. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

a restricted controlled substance in his blood."[3] He further contends that the State's representation at the plea hearing that Reel's charge was "based on blood work that shows the defendant had Delta 9 THC in his blood at the time of the crash which I provided to the defense" failed to establish a factual basis for his plea when no specific blood concentration was alleged in the complaint and the lab report, even though it was provided to the defense, was not in the record.

¶12    "[A] court may look at the totality of the circumstances when reviewing a defendant's motion to withdraw a guilty plea to determine whether a defendant has agreed to the factual basis underlying the guilty plea." *State v. Thomas*, 2000 WI 13, ¶18, 232 Wis. 2d 714, 605 N.W.2d 836. "The totality of the circumstances includes the plea hearing record, the sentencing hearing record, as well [as] the defense counsel's statements concerning the factual basis presented by the [S]tate, among other portions of the record." *Id.* In other words, "[t]he reviewing court looks at the entirety of the record to determine whether, considered as a whole, the record supports the assertion that manifest injustice will occur if the plea is not withdrawn." *Cain*, 342 Wis. 2d 1, ¶31.

¶13    Reviewing Reel's motion under the totality of the circumstances, we conclude that Reel fails to meet his burden to show that manifest injustice will occur if his pleas are not withdrawn. Rather, the entirety of the record considered

---

[3] We note that this language is taken directly from the charging statute, defining the crime as "[c]auses the death of another by the operation or handling of a vehicle while the person has a detectable amount of a restricted controlled substance in his or her blood." WIS. STAT. § 940.09(1)(am) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version. We note that no relevant changes have been made to the applicable statutes since the time of Reel's offense.

as a whole demonstrates a factual basis for Reel's plea to homicide by intoxicated use of a vehicle with a restricted controlled substance.

¶14    Indeed, while the specific amount of the restricted controlled substance—in this case THC—in his blood may not have been included in the allegations in the criminal complaint, Reel did in fact stipulate to the wording in the criminal complaint that he had a detectable amount of a restricted controlled substance in his blood, as the offense is defined in the statute.  *See* WIS. STAT. § 940.09(1)(am).  Then, at the plea hearing, the State further informed the circuit court that the charges were based on a lab report with the specific amount of THC detected in Reel's blood, and the State indicated that this lab report had been provided to Reel.  Importantly, the State's comment at the plea hearing provides evidence on the record at the plea hearing of the existence of the lab report with the specific amount of THC in Reel's blood and Reel's knowledge of it.  Reel raised no objection to this report at the time of the plea hearing, nor did he contradict the State's representation that this lab report with the specific amount of THC found in his blood had been provided to him.

¶15    Nevertheless, Reel compares his case to *State v. Harrington*, 181 Wis. 2d 985, 512 N.W.2d 261 (Ct. App. 1994), where we concluded that plea withdrawal was necessary because of the circuit court's failure to establish a factual basis for the defendant's plea to felony theft of property over $1,000 in value.  *Id.* at 987.  In *Harrington*, we concluded that plea withdrawal was necessary because the record was completely devoid of the required facts to support that the value of the stolen property exceeded $1,000. *Id.* at 988-89, 991.

¶16    By contrast, in Reel's case, the State informed the circuit court at the plea hearing that the defense had been provided with a lab report to support the

amount of THC in Reel's blood. Additionally, in response to Reel's motion to withdraw his pleas, the State provided this same lab report to the circuit court and admitted this report into the record. While this lab report preferably should have been admitted at the plea hearing, we nonetheless consider Reel's case distinguishable from *Harrington*. The plea hearing record reflects that Reel was provided with a lab report containing the precise amount of THC in his blood. Moreover, while in receipt of this report, Reel stipulated to the facts as presented in the allegations of the criminal complaint and presented by the State at the plea hearing, and he entered a guilty plea to homicide by intoxicated use of a vehicle with a restricted controlled substance. This report is further contained in the record as a result of the postconviction proceedings. Accordingly, the record here is not devoid of facts as it was in *Harrington*.

¶17    Still, Reel takes issue with the results as stated in the lab report and contends that the lab report cannot provide a factual basis for his plea because the report fails to specify precursors and metabolites of Delta-9, which he contends are not a restricted controlled substance. However, as the State correctly asserts, the lab report specifically states the amount of "Delta-9-tetrahydrocannabinol (THC)," the relevant restricted controlled substance at issue. *See* WIS. STAT. § 340.01(50m)(e) (defining "restricted controlled substance" as "Delta-9-tetrahydrocannabinol, excluding its precursors and metabolites, at a concentration of one or more nanograms per milliliter of a person's blood"). Furthermore, the lab report here does list "Carboxy-THC," a Delta-9 metabolite. Given the substance of the report, there is no basis or reason to believe that "Delta-9-tetrahydrocannabinol (THC)" stands for anything other than the relevant restricted controlled substance at issue, namely "Delta-9-tetrahydrocannabinol (THC)," as opposed to any precursors or metabolites.

8

¶18    Moreover, we observe that Reel failed to object to the lab report below and failed to raise an argument about precursors and metabolites at the time that he was provided with this report.  Consequently, we may also consider his argument on this point to be forfeited for failing to raise any objection to the lab report below.  *See State v. Caban*, 210 Wis. 2d 597, 604, 563 N.W.2d 501 (1997).

## CONCLUSION

¶19    For the reasons set forth above, we conclude that Reel is not entitled to plea withdrawal and the circuit court did not erroneously exercise its discretion when it denied Reel's motion.  Therefore, we affirm.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.